# Pallis *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Homicide from exposure; when manslaughter and when murder.*—Where the exposure or neglect of an infant or other dependent person, which results in death, is the act of mere carelessness, wherein danger to life does not clearly appear,

the homicide resulting is only manslaughter; but if the ex-posure or neglect is of a dangerous character, the homicide is murder.

2. *Same; abandonment of infant; assault with intent to murder.* On a trial under an indictment which charges that the defendant assaulted her child with intent to murder it, where the evidence shows that the defendant placed her new born babe in a sand bed on the side of a public road, without clothing or wrapping, and left it there covered with straw and leaves, and it was found next day in an almost dying condition, a charge which instructs the jury that if they believe from the evidence beyond a reasonable doubt that the defendant, "after giving birth to the child in question, abandoned it in the public road or street in the night, without clothes or covering, exposed to the elements and such other dangers as might beset it, and that she thereby intended to accomplish the death of the child, she would be guilty of an assault with intent to murder," asserts a correct proposition of law and is properly given.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. J. W. FOSTER.

The appellant in this case was indicted, tried and con-victed for an assault upon her child, with intent to mur-der it, and sentenced to the penitentiary for three years.

The evidence for the State tended to show that the de-fendant placed her new-born baby on the side of a public road in a sand bed, without any clothing or wrapping of any kind upon it, and left it there covered with straw and leaves; that the next day the child was found in an almost dying condition, and was carried to a physician, who revived it and restored its circulation.

The defendant, as a witness in her own behalf, testi-fied that it was not her intention to leave the child on the side of the road to die.

The court in its general charge to the jury, among other things, instructed it as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, in Conecuh county, in this State, after giving birth to the child in question, abandoned it in the public road or street, in the night, without clothes or covering, exposed to the elements and such other dangers as might beset it, and that she intended thereby to accomplish the death of the child, she would be guilty of an assault with

intent to murder." To this portion of the court's general charge the defendant separately excepted, and also excepted to the court's refusal to give at her request, the general affirmative charge in her favor.

JAMES F. JONES, for appellant.—Malice is a necessary ingredient of assault with intent to murder which must be alleged in the indictment and proved, or some act proved from which malice can be inferred. To constitute the crime there must be shown a malicious intent to take life.—*Walls v. State*, 90 Ala. 618.

CHAS. G. BROWN, Attorney-General, for the State.

HARALSON, J.—It seems to be well settled, that where a parent having charge of an infant of tender years, abandons and exposes it to the inclemency of the weather, such parent is guilty of an assault. If physical detriment ensue from such exposure, it is a battery on the child.—Russell on Crimes, p. 1021, § 1022; 2 Bish. New Crim. Law, § § 29, 33 (2), 72 (3), 660 (1).

"If the exposure or neglect of an infant or other dependent person, resulting in death, is an act of mere carelessness, wherein danger to life does not clearly appear, the homicide is only manslaughter; whereas, if the exposure or neglect is of a dangerous kind, it is murder. For example, if from an infant of tender years the person under obligation to provide for it willfully withholds needful food or any other needful thing, though not with intent to kill, and by reason thereof the child dies, he commits murder."—2 Bish. New Cr. Law, § 686.

The charge of the court was in consonance with the foregoing principles, and in its postulates was well within the evidence in the cause.

Affirmed.