144 So. 537

## ROBERSON v. STATE.

### 4 Div. 882.

Court of Appeals of Alabama.
June 30, 1932.

Rehearing Denied Nov. 1, 1932.

Simmons & Simmons, of Opp, and A. R. Powell, of Andalusia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted, generally, upon his trial on an indictment, consisting of thirteen counts, drawn under, and in pursuance of, the terms of Code 1923, § 3303.

The demurrers interposed to the indictment were properly overruled. Code, § 3303, supra.

The undisputed testimony was to the following effect: Appellant entered into an agreement with one Lundy and one Griswold whereby appellant was to drive his car containing his wife and stepchildren out to a certain place on a certain highway; and that he would leave the car parked near an embankment; and that Lundy and Griswold would drive a truck so as to cause the trailer to

crash into appellant's car, thus knocking it over the embankment.

Appellant, at the designated time drove (as the jury might rightfully infer) the car containing his wife and stepchildren to the spot agreed upon, and parked it there, all in accordance with the agreement, etc. But Lundy and Griswold would not go through with their part of the plan. on the contrary, they notified the sheriff, and he went to the place where appellant was, with his parked car, etc., and arrested him. This is not all the testimony tending to show appellant's guilt, etc., but we think it is enough for our purpose here. None of it was disputed.

Aided by the reasoning and holding of the Supreme Court in the case of Pallis v. State, 123 Ala. 12, 26 So. 339, 82 Am. St. Rep. 106, we think, and hold, that there was sufficient testimony to carry every count in the indictment to the jury.

The few exceptions reserved on the taking of testimony have each been examined. We think it obvious that prejudicial error infected the ruling underlying none of them.

We have given the case careful consideration, all in accordance with our duty as prescribed by Code 1923, § 3258, but have reached the conclusion that the case was fairly and correctly tried.

And the judgment of conviction is affirmed.

Affirmed.