(78 South. 317)

RIKARD v. STATE. (8 Div. 571.)

(Court of Appeals of Alabama. March 12, 1918.)

1. CRIMINAL LAW ⟨⟩1023(13)—MOTIONS FOR NEW TRIAL—REVIEW.

Motions for new trial in a criminal case could not be reviewed by the appellate courts prior to Acts 1915, p. 722, but under such act they are required to review them in criminal as well as in civil cases, without distinction.

2. CRIMINAL LAW ⟨⟩866 — QUOTIENT VERDICTS.

Where length of sentence in criminal case is arrived at by the quotient method, it cannot stand.

3. CRIMINAL LAW ⟨⟩957(2) — IMPEACHING VERDICT—EXAMINATION OF JURORS.

Although affidavits of jurors can be received to sustain their verdict, where it is attacked on the ground of misconduct in the jury room, jurors cannot be examined to show that they arrived at the length of a sentence in a criminal case by the quotient method.

Appeal from Circuit Court, Colbert County; A. H. Alston, Judge.

John Rikard, alias, etc., was convicted of murder, and he appeals. Affirmed.

Jackson & Deloney, of Tuscumbia, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. This is the second appeal in this case. Rikard v. State, 15 Ala. App. 497.[1] There is only one question involved in this appeal. It is insisted that the court erred in overruling the motion of the defendant to set aside the verdict of conviction and grant him

a new trial, which motion was based principally upon the ground that the verdict arrived at by the jury was what is termed a "quotient verdict"; it being alleged that in fixing the term of punishment the jurors added together the term of punishment each juror desired or thought proper to fix against the defendant, and the total thereof was divided by 12 and returned into court as the verdict of the jury.

[1] Motions for new trial in a criminal case could not be reviewed by this court prior to the act of the Legislature approved September 22, 1915. Acts 1915, p. 722. Under said act, however, the appellate courts of the state are authorized and required to review motions for new trials in criminal as well as in civil cases, and there is no distinction or difference as to the manner in which such cases are to be reviewed. Acts 1915, p. 722.

[2] It has been repeatedly held in civil cases that a quotient verdict is improper and should not be permitted to stand, but should be set aside and a new trial awarded, where it is made clear by legal evidence that the verdict in fact was a quotient verdict. International Agr. Corp. v. Abercrombie, 184 Ala. 244, 63 South. 549, 49 L. R. A. (N. S.) 415. This rule would unquestionably apply in a criminal case also, for it is not the policy of the law to do injustice to any one, and in cases involving the liberty or property of a citizen the law demands of each juror an honest consideration of the rights of the parties litigant, and the exercise of his best judgment, guided by the law and the evidence of the case, and a verdict reached in any other manner should be set aside.

[3] In the instant case, however, there was no legal or competent evidence offered by the defendant to sustain his contention that the conclusion reached by the jury was the result of a quotient verdict. On the trial of the motion, the defendant undertook to impeach the verdict of the jury, by an examination ore tenus of the jurors Wood and Brown, who were members of the jury which tried this case. Under the universal holdings in this state, this could not be done. B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 South. 1024. There was no error in the ruling of the court in sustaining the objection of the state to the questions propounded to said jurors Wood and Brown. The court's action in this connection was in accord with the decisions of the Supreme Court of this state. These decisions are rested upon the principle that the law and public policy alike declare that the testimony of jurors with respect to occurrences in the jury room amongst themselves may not be received for the purpose of impeaching their verdict. But where an attempt is made to show misconduct on the part of the jurors—to impeach their verdict—the affidavits of the jurors may be received to rebut the imputation of misconduct. B. R., L. & P. Co. v. Moore, supra, and cases cited.

The motion for a new trial was properly overruled, and, as this is the only question presented on this appeal, it follows that the judgment of conviction in the lower court must be affirmed.

Affirmed.