## WOODS v. STATE. (8 Div. 116.)

(Court of Appeals of Alabama. June 26, 1923.)

1. **Criminal law** ⟨key⟩366(6)—**Admission of testimony as to deceased's statement about ten minutes after shooting held reversible error.**

In a murder prosecution, admission of testimony as to deceased's statement, in answer to a question by one of a gathering crowd, about 10 minutes after the witness reached the scene of the shooting, which defendant had left, that "J. V. has my gun and gone," *held* reversible error as susceptible of seriously injuring defendant's substantial rights; not being spontaneous, nor so contemporaneous or closely connected with the main transaction as to be part of the res gestæ.

2. **Criminal law** ⟨key⟩720½—**Solicitor's statement of opinion as to defendant's guilt reversible error.**

While inferences and deductions from the evidence may be drawn by counsel almost without limit, a court sanctioning a solicitor's statement of his opinion as to defendant's guilt, in his argument to the jury, commits reversible error, as the jury, who must determine the facts by consideration of all the evidence, should not be prejudiced or swayed by such unauthorized statement, which is not evidence.

3. **Criminal law** ⟨key⟩728(3)—**Solicitor's unauthorized statement in argument during judge's absence properly presented by motion for new trial.**

The solicitor's statement, in argument to the jury during the judge's absence, that, in his opinion, deceased had no pistol during his difficulty with defendant, *held* properly presented for review by the motion for new trial.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

William Woods, alias Wood, was convicted of murder in the second degree, and appeals. Reversed and remanded.

Mitchell & Hughston, of Florence, for appellant.

The argument of the solicitor was prejudicial, and a new trial should have been granted, regardless of whether the matter was called to the attention of the court. Anderson v. State, 209 Ala. 36, 95 South. 171; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037. The personal opinion of the prosecuting attorney is not evidence, and the sanction of such an opinion is certain error. People v. Fielding, 158 N. Y. 542, 53 N. E. 497, 46 L. R. A. 641, 70 Am. St. Rep. 495; People v. McGuire, 89 Mich. 66, 50 N. W. 786; Shawnee v. Sparks, 26 Okl. 665, 110 Pac. 884, L. R. A. 1918D, 1–72; Gutzman v. Clancy, 114 Wis. 589, 90 N. W. 1081, 58 L. R. A. 744. The statement attributed to deceased after the difficulty was no part of the res gestæ and was inadmissible. Pope v. State, 174 Ala. 63, 57 South. 251; 1 Greenl. Ev. (16th Ed.) § 108; Mayes v. State, 64 Miss. 329, 1 South. 733, 60 Am. Rep. 58; L. & N. R. Co. v. Pearson, 97 Ala. 211, 12 South. 176; R. & D. R. R. v. Hammond, 93 Ala. 181, 9 South. 577.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The defendant was convicted, as charged in the indictment, of murder in the second degree, and was duly sentenced, in accordance with the verdict of the jury, to imprisonment in the penitentiary for a term of 10 years. Several exceptions were reserved to the rulings of the court upon the testimony, but, as insistence of error is predicated, by able counsel for appellant, upon two principal questions only, we see no necessity of considering every exception reserved, the two insistences, in our opinion, being well taken and conclusive of this appeal.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Over the timely objection and exception of defendant the state was permitted to prove by its witness Wyatt Vaughn a statement made by deceased some several minutes after the conclusion of the difficulty and after defendant had gone. The witness Wyatt Vaughn stated that the statement was made something like 10 minutes after he (witness) got to the scene of the shooting. The record recites that in its ruling allowing the witness to answer the question the court said:

"The court is of the opinion that, as the statement made was by the dead man, and at the place where he was shot, and within 10 minutes after he was shot, it was a part of the res gestæ, and was competent testimony."

We do not so conclude. We are of the opinion that the statement was not a part of the res gestæ. Madry v. State, 201 Ala. 512, 78 South. 866. It was not contemporaneous in either a strict or general sense with the main transaction, nor was it so closely connected therewith as to illustrate its character, and to constitute but one entire transaction with the main incident. Neither was it spontaneous; and it clearly appears that the statement was superinduced by the gathering crowd which by its inquiry brought out from deceased the objectionable statement, a mere narrative.

There are many decisions bearing upon the question of res gestæ and the rules of evidence in connection therewith. The facts and conditions, however, in the case at bar bear strong analogy to the Madry Case, supra, the facts there being as stated in the opinion:

"Shortly after defendant had shot deceased, and perhaps while deceased still showed some faint signs of life, the wife of the latter appeared upon the scene. Evidence for the state tended to show that defendant, standing near with his pistol in his hand, told the wife not to go to her husband's body. Evidence for defendant went to show that the knife of deceased lay upon the ground near his body. While defendant was on the stand as a witness his counsel put this question: 'I will ask you whether or not you told her not to go to the body because you wanted the knife identified before the body was moved.' Afterwards, on the state's motion, defendant's affirmative answer was excluded. The record, which we have thus in effect reproduced in order to identify and make clear the first exception argued for appellant, shows no error. What passed between the defendant and the wife of deceased was not any part of the res gestæ of the killing—the wife was some distance away when the shooting occurred—and the testimony which defendant sought to keep before the jury was nothing more than a statement of the defendant's undisclosed purpose or motive in ordering the wife of deceased to stay away from his body."

Here the witness Wyatt Vaughn was, as testified to by him, at his home some 60 or 75 yards away when the difficulty took place.

After it was over he went up there, as stated by him, and, after having been there 10 minutes, the defendant having gone, "someone asked him (deceased) where his gun was, and he told him that Jesse Vaughn has my gun and gone." As stated in our opinion this was no part of the res gestæ, and, this being true, it was not admissible under any rule of evidence. Madry's Case, supra. Pope. v. State, 174 Ala. 63, 57 South. 245; Domingus v. State, 94 Ala. 9, 11 South. 190; A. G. S. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; 1 Greenleaf (16th Ed.) § 108; Mayes v. State, 64 Miss. 329, 1 South. 733, 60 Am. Rep. 58; L. & N. v. Pearson, 97 Ala. 211, 12 South. 176; R. & D. R. R. v. Hammond, 93 Ala. 181, 9 South. 577. That this statement was susceptible of seriously injuring the substantial rights of the defendant cannot be questioned, and that it was made the basis of argument of counsel for state affirmatively appears from the record. The court committed reversible error in overruling defendant's objection to the question, and in not excluding the answer upon motion of defendant.

[2] The unauthorized statement of the solicitor is made, the basis of the next insistence of error. In this connection the record shows, and counsel for appellant aptly state, the solicitor during the absence of the judge from the courtroom made the following statement in the course of his argument:

"In my honest opinion, gentlemen of the jury, and before God it is my honest opinion, Ebenezer Scott had no pistol during this difficulty."

This argument of the solicitor, together with other points, was made the basis of a motion for a new trial, which was overruled by the presiding judge. The appeal is on the original trial and the action of the trial court in refusing a new hearing. That this statement of the solicitor was unauthorized and had no place in this trial needs no discussion. The personal opinion of the solicitor as to the guilt of the accused or as to any material fact involved in the case is not evidence. It should never be uttered by a prosecuting attorney, and, if the court gives sanction to such an utterance, it thereby commits error necessitating a reversal of conviction appealed from. Inferences and deductions from the evidence may be drawn by counsel almost without limit, but the minds of the jury should not be prejudiced, nor should they be swayed in their deliberations by unauthorized statements in the argument of the solicitor, such as, "In my honest opinion, and before God it is my honest opinion," that such a state of facts exists. It is for the jury to say what state of facts exists, and this must be done by a consideration of all the evidence in the case, and such conclusion must not be reached by the honest or other character of opinion upon the part of the solicitor. In the annotation of the case of

People v. Fielding (N. Y.) 46 L. R. A. 641, 667, note, it is said:

"The personal opinion of the prosecuting attorney as to the guilt of the accused is not evidence, and the sanction of such an opinion by the court is serious error."

"The right to a fair and impartial trial is violated by the misconduct of counsel in stating to the jury facts not in evidence because by so doing he fraudulently testifies without having been sworn as a witness." People v. McGuire, 89 Mich. 66, 50 N. W. 786.

[3] This matter was properly presented by the motion for a new trial under the following authorities: Anderson v. State (Ala. Sup.) 95 South. 171.[1] B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; Hall v. Wolff, 61 Iowa, 559, 16 N. W. 710. In this latter case it is expressly held that, in the absence of the presiding judge from the courtroom, there is no duty in any circumstances on the part of an injured party to make objection to offensive argument.

The court erred in overruling defendant's motion for new trial. For the errors designated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.