(101 So. 88)

### HENDERSON v. STATE. (7 Div. 31.)

(Court of Appeals of Alabama. June 30, 1924.)

1. **Homicide** ⬅118(1) — **One dealing with known dangerous character need not retreat more quickly.**

One dealing with a violent person, known to be bloodthirsty and dangerous, is not under duty of retreating more quickly, but a demonstration by such character would justify a resort to more prompt measure of self-defense.

2. **Criminal law** ⬅763, 764(23) — **Court in charge may state general tendencies of evidence, but may not charge upon effect thereof.**

A court may state the general tendencies of the evidence, but may not charge upon the effect thereof, and it was error to state that deceased was not armed when there was some slight evidence that he carried a knife.

3. **Criminal law** ⬅713—**Statement by solicitor as to gun toting held a matter of common knowledge.**

In a prosecution for murder, statement of the solicitor that toting a gun was the worst weapon of destruction this country has was but a statement known to all thinking people.

Appeal from Circuit Court, Shelby County; W. M. Lackey, Judge.

Boss Henderson was convicted of murder in the second degree, and appeals. Reversed and remanded.

J. R. Beavers, of Birmingham, and L. L. Saxon and Longshore, Koenig & Longshore, all of Columbiana, for appellant.

The court must not charge upon the effect of evidence unless required to do so by one of the parties. Code 1907, § 5362; White v. State, 111 Ala. 92, 21 South. 330. It is not the law that one dealing with a bloodthirsty, violent man must retreat more quickly. Roberts v. State, 68 Ala. 156.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The trial court may state the tendencies of the evidence. White v. State, 209 Ala. 546, 96 South. 709; Stevenson v. State, 18 Ala. App. 174, 90 South. 140. The remarks of the solicitor were not objectionable. Mitchell v. State, 18 Ala. App. 471, 93 South. 46.

SAMFORD, J. [1] The evidence for the defendant tended to establish a case of self-defense, and much evidence was introduced tending to show that the deceased was a violent, bloodthirsty, turbulent character. The court, in his general charge, after correctly charging that, in dealing with a man whose character was shown to be violent, turbulent, and bloodthirsty, a person free from fault in bringing on a difficulty was warranted in acting more promptly in defending himself than he would if the adversary was a peaceable and quiet citizen, charged the jury:

"On the other hand, the law would be that a man who was dealing with that kind of a character, if he knew him to be a bloodthirsty, dangerous man, the law would put on him the duty of retreating quicker."

This doctrine would place a premium on a character known to be violent, bloodthirsty, and dangerous, and would give to a man bearing such a character an advantage not given to a peaceable, law-abiding citizen. We know of no such rule ever having been announced by any reputable text-writer or by any court of last resort. Such might be the inclination of the retiring and timid nature, but the principle is not found in the law. A demonstration or overt act of attack made by a man of dangerous and bloodthirsty character may afford much stronger evidence that the life or limb of the person assailed was in imminent peril than if performed or made by a man of peaceable character. That being the case, it would justify a resort to more prompt measures of self-preservation. Roberts v. State, 68 Ala. 156.

The law of self-defense, as defined and upheld by our courts, is in no sense a cowardly or unreasonable doctrine. It places upon a defendant certain restrictions as to when and how he shall act. Cook v. State, 18 Ala. App. 416, 93 South. 86, 13 R. C. L. p. 822. But it is not designed to place him at a disadvantage by reason of the bad and dangerous character of his adversary. The court committed prejudicial error in this ruling.

[2] The court also made this statement in his oral charge:

"He [defendant] was armed and the other man [deceased] was not."

━━━━

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The court in his oral charge may state the general tendencies of the evidence. White v. State, 209 Ala. 546, 96 South. 709 (16). There was some evidence, though slight, tending to prove that deceased was armed with a pocket knife. The court may not charge upon the effect of the evidence. White v. State, 111 Ala. 92, 21 South. 330; Code 1907, § 5362.

Charge 3 is bad in that a finding is not based upon a consideration of the evidence. Woods v. State (Ala. App.) 97 South. 179.[1] The other charges requested in writing and refused to defendant were either bad or covered by the given written charges requested by defendant or by the oral charge of the court.

[3] The statement of the solicitor in his closing argument to the effect that "Toting a gun [pistol] is the worst weapon of destruction this country has got" is but the statement known to all the thinking people of this state and nation. The statement was warranted by the facts in the case.

For the errors pointed out the judgment must be reversed, and the cause is remanded.

Reversed and remanded.