(109 So. 611)

### GRIGGS v. STATE.   (8 Div. 502.)

(Court of Appeals of Alabama.   June 29, 1926. Rehearing Denied Sept. 7, 1926.)

**1. Homicide ⬅203(3).**

Testimony that deceased, shortly prior to statement as to shooting, stated that he was dying, was sufficient predicate for admission of his dying statement.

**2. Criminal law ⬅720½.**

In argument to jury, statement by solicitor that from the evidence he believed defendant guilty, and, if he did not, would not ask jury to convict him, was not cause for reversal.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Jesse Griggs was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Street, Bradford & Street, of Guntersville, for appellant.

Dying declarations must be shown to have been made under a sense of impending death. Patterson v. State, 171 Ala. 10, 54 So. 696; Gilmer v. State, 181 Ala. 26, 61 So. 377; 30 C. J. 255, 257; Jones on Evi. (2d Ed.) § 332; Com. v. Roberts, 108 Mass. 296; 4 Ency. of Evi. p. 960. The argument of the solicitor was improper. McColston v. State, 20 Ala. App. 591, 104 So. 347; Johnson v. State, 88 Fla. 461, 102 So. 549; 16 C. J. 908; 2 R. C. L. 415.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The dying declaration was properly predicated and admitted. Evans v. State, 209 Ala. 563, 96 So. 923; Parker v. State, 165 Ala. 9, 51 So. 260. The argument of the solicitor was legitimate. Dunn v. State, 19 Ala. App. 576, 99 So. 154; Cross v. State, 68 Ala. 476.

SAMFORD, J. [1] The principal insistence of error is the admission of a statement made by deceased, shortly after receiving the shot wound from which he subsequently died; the objection being that the predicate for the admission of a dying declaration had not been properly laid. The predicate made the basis for the declaration was, as testified to by the witness Leach:

"The first I saw of Clark [deceased] he was up on the bank hollering for us. I went immediately. I talked to him there. He asked some of us to carry him home, that he was dying. He was shot, wounded at the time." "Deceased said he drove up and Jesse came out from behind a car and shot him."

It was proven by other witnesses that at a time subsequent to the foregoing statement, and about three hours before he died, deceased said he would die unless something was done, but no declaration of deceased was admitted on this predicate. If this was the only predicate for the dying declaration, it would perhaps be insufficient. The first predicate, however, was sufficient. Evans v. State, 209 Ala. 563, 96 So. 923.

[2] In the course of his argument to the jury, the solicitor stated to the jury that from the evidence he believed the defendant was guilty, and that, if he did not believe the defendant was guilty, he would not ask the jury to convict him. Exception was reserved to the court's refusal to exclude this remark. It is apparent that the opinion above expressed was based upon the evidence in the case. Where this is the case, such expression of opinion will not be sufficient upon which to predicate a reversal. 16 Corpus Juris, p. 908, par. 2257n.

We find no error in the record, and the judgment is affirmed.

Affirmed.