(110 So. 61)

### GARDNER v. STATE.    (7 Div. 214.)

(Court of Appeals of Alabama. Aug. 31, 1926. Rehearing Denied Oct. 26, 1926.)

**1. Constitutional law ⬤⟳70(3).**

Courts are not concerned with policy of Legislature in enacting laws.

**2. Criminal law ⬤⟳789(5).**

Instruction to acquit unless evidence "precludes every hypothesis except that of defendant's guilt" *held* properly refused, as not based on reasonable hypothesis.

**3. Intoxicating liquors ⬤⟳239(3)—Instruction, in liquor prosecution, held properly refused, as being involved and misleading.**

Instruction, in liquor prosecution, to acquit unless evidence showed "that no other person to the exclusion of the defendant could have had possession of the still and using it to manufacture prohibited liquors," *held* properly refused, as being involved and misleading.

---

⬤⟳For other cases see same topic and KEY–NUMBER in all Key–Numbered Digests and Indexes

**4. Witnesses ⊚⇒388(9)—Objection to question for impeachment of state's witness; in liquor prosecution, held properly sustained, in view of indefinite predicate.**

In liquor prosecution, where witness had testified that his feelings toward defendant were good, objection to question for impeachment whether witness had not "made statement lately to the witnesses" outside of courtroom at another trial that defendant had acted so hard when found near still that witness would see that he was convicted *held* properly sustained, since predicate was too indefinite to come within rule admitting such evidence.

**5. Criminal law ⊚⇒363.**

In liquor prosecution, testimony of witness, properly qualified, that he found still and some beer ready to run and make whisky, *held* competent, as res gestæ.

**6. Criminal law ⊚⇒363.**

In liquor prosecution, testimony of witness, testifying as to still that he found hot furnace with coals of fire, *held* competent, as res gestæ.

**7. Criminal law ⊚⇒363.**

Testimony that witness in liquor prosecution had followed defendant, just previously seen at still, and had found him with clothes smutty and beer or still slop on them, was competent, as res gestæ.

**8. Witnesses ⊚⇒280.**

Argumentative questions *held* not proper in cross-examination.

**9. Witnesses ⊚⇒387.**

Refusal to compel witness to search notes of previous trial for statement he did not remember making *held* not an abuse of discretion.

**10. Witnesses ⊚⇒393(2).**

Where witness had answered that he did not remember making certain statement in previous trial, defendant had right to introduce transcript for impeachment purposes.

**11. Criminal law ⊚⇒444.**

Where proper predicate was not laid for introduction of opinions of Court of Appeals on former appeals, objection to admission *held* properly sustained.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Henry Gardner was convicted of manufacturing prohibited liquor and possessing a still, and he appeals. Affirmed.

These charges were refused to defendant:

"(7) I charge you that you cannot convict the defendant unless the evidence, to your mind, precludes every hypothesis except that of his guilt."

"(10) I charge you that you cannot convict the defendant unless you believe from the evidence, beyond all reasonable doubt, that no other person to the exclusion of the defendant could have had possession of the still and using it to manufacture prohibited liquors."

Riddle & Riddle, of Talladega, for appellant.

Mere presence of accused at a still is not sufficient to justify a conviction for manufacturing or possession. Matthews v. State, ante, p. 38, 104 So. 884. The evidence in this case is not sufficient to warrant a conviction. Gardner v. State, 20 Ala. App. 469, 102 So. 914. If some other person to the exclusion of defendant could have committed the crime charged, defendant cannot be convicted, and the court should so charge the jury. Ballentine v. State, 19 Ala. App. 261, 96 So. 732.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Where the bill of exceptions does not contain all the evidence, error cannot be predicated upon the refusal of the affirmative charge. Montgomery v. State, 18 Ala. App. 213, 91 So. 630; Foote v. State, 16 Ala. App. 136, 75 So. 728. Charge 7 is faulty. White v. State, 20 Ala. App. 65, 101 So. 66. Charge 10 is bad. Hill v. State, 211 Ala. 311, 100 So. 315.

SAMFORD, J. [1] Seldom, if ever, has there come to this court a clearer, more concise, or fairer statement of the issues involved, and the law applicable thereto, than is contained in the able charge of the court to the jury in this case, evidencing as it does, a well-digested study of the decisions of this court as applied to the character of crime here involved, and emphasizing the policy of the law that all cases involving the liberties of the citizen must be tried in accordance with the defined rules of law as are laid down in the statutes and decisions of the court. Courts are not concerned with the policy of the Legislature in enacting laws for the government of the people. Courts must construe and enforce law according to defined rules, being careful to see that each person charged with crime is tried under due process and with every right protected. The charge of the court in this case is faultless.

The record in this case is materially different from the record on former appeal. The facts here presented make a jury question as to the guilt vel non of the defendant under each count of the indictment. That being the case refused charges 1, 2 and 3, each being the affirmative charge, were properly refused. Beside the bill of exceptions fails to contain a statement that it contained all the evidence had at the trial. Montgomery v. State, 18 Ala. App. 213, 91 So. 630; Foote v. State, 16 Ala. App. 136, 75 So. 728.

[2, 3] The oral charge of the court fully and fairly covers refused charge 5. Refused charge 7 is bad, in that it is not based upon reasonable hypothesis. Refused charge 10 is involved, its meaning is not clear and is calculated to mislead.

[4] On the recross-examination of state witness Hall, defendant's counsel asked this question:

"Is it not a fact that you have made statements lately to the witnesses on the outside of the courtroom when we were trying this boy's brother that you run up on these boys standing by the still, and that he acted so hard with you, telling you to turn round and go back, that you were going to see that he was convicted?"

This witness had testified that his feelings towards the defendant were good. The purpose of the testimony sought by the question was therefore impeachment of the witness' testimony on that point. The predicate was too indefinite to come within the rule admitting such evidence and hence the ruling of the court in sustaining the state's objection was without error.

[5-7] The witness Hamlin having been qualified as to his knowledge of such things, it was competent for him to testify that he found, at the place testified to by state's witness Horn, a still and a lot of beer ready to run and make whisky. It was also competent for the witness Hamlin to testify as to everything found by him at the still place relating to the still, its possession, and the manufacture of whisky. Included in this is the testimony that there were coals of fire still in the furnace and that the furnace was hot. Having done this and it having been testified to that the defendant was present at the still recently before the arrival of witness Hamlin, Hamlin could testify that he proceeded in search of defendant and when he was found his clothes were smutty and had beer or still slop on them. These facts tended to connect defendant with the still at which he had been recently seen. All these things are of the res gestæ.

[8] The policy of the law of this state is to allow the widest latitude in the cross-examination of witnesses to the end that the court and jury may have the exact facts, but the rule does not extend so as to allow counsel to argue with witnesses in conducting cross-examination. The court therefore, committed no error in sustaining objections to these questions which may be classed as argumentative.

[9, 10] The witness Hamlin having been asked upon cross-examination if he had testified to certain facts upon a former trial, and having answered that he did not remember, he was then handed the transcribed reporter's notes of that trial, and asked to look through his testimony on that trial and see if he could find where, in that trial, he had stated that defendant had "slop" on him and that there was the smell of alcohol. The court was acting within its discretionary powers in refusing to require the witness to answer the question or to make the search. The witness had already answered that he did not remember and this gave to the defendant the right to introduce the stenographer's transcript of this testimony for impeachment purposes. The court will not be put in error for refusing to require the witness to search the transcript of his former testimony and to make answer therefrom. If the witness testifies that he does not remember and the transcript tends to impeach his statement, the defendant has the full benefit of the fact by introducing the transcript. 1 Mayfield, p. 888, par. 239.

[11] It was, under the facts as disclosed by the record, immaterial to any issue then being tried, whether the witness Hamlin had read the decisions of the Court of Appeals in the cases of defendant and his brother, which decisions were rendered in appeals from judgments convicting defendant and his brother of the charges here involved. There may be circumstances arising in the trial of criminal cases where decisions of the appellate court are admissible, but this can only be so where proper predicate is laid, which in this case was not done.

The questions propounded to the defendant's witness Burk Gardner on cross-examination are within the latitude allowed in cross-examination. 1 Mayfield Dig. p. 878, par. 61 et seq.

No proper predicate was laid for the introduction of the opinions of this court on former appeals, and therefore the action of the court in sustaining the objections of the solicitor was free from error.

The statements of the solicitor to which exceptions were reserved are not sufficiently comprehensive upon which to base a ruling.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.