(116 So. 511)
### BRUCE v. STATE. (4 Div. 383–A.)
Court of Appeals of Alabama.  April 17, 1928.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, and Wilkerson & Brannen, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J.  The state's evidence was to the effect that officers of the law followed a Buick automobile, driven by Allie Cleghorn, and upon the front seat of which appellant was riding, from a point within Pike county several miles to the Montgomery county line, and over into Montgomery county, where the said Buick was, so to speak, shot down by the said officers, both back tires being deflated by bullets from the officers' guns and the gasoline tank being punctured likewise. The chase of the Buick by the officers was conducted at a speed of some 65 or 68 miles per hour.

In the car with Cleghorn and Bruce were ten 10-gallon kegs of whisky. When the car was stopped Cleghorn and Bruce were placed under arrest, whereupon Bruce, the appellant, put a lighted match to the gasoline under or upon the Buick and burned up both car and cargo—that is, all except some 4 kegs, or 40 gallons, of the whisky, which the officers salvaged, but immediately thereafter destroyed.

No testimony was offered upon behalf of appellant.

We discover no prejudicial error in any of the rulings of the trial court. True, we think appellant would have been entitled to show, if he could, that the Buick belonged to Cleghorn; this evidence to have gone to the jury for whatever it was worth. But the only witness by whom he proposed to make the proof in question, one of the officers, stated that he did not know whose car it was. So appellant's offer was vain. Then, too, the whole circumstances conclusively, it seems to us, refute the idea that the verdict would have been different had the proof been allowed and made. So, under Supreme Court Rule 45, no reversal would follow any holding that the court's action, in question, was error.

The whole surroundings and all that was said and done by any of the parties present at the time of the arrest of appellant constituted the res gestæ of the transaction, and testimony as to all or any part of same was properly admitted.

The portions of the argument of the solicitor to which objections were made, being but the expression of his opinion, did not, we think, transcend the well-known rules.

The judgment is affirmed.

Affirmed.