(121 So. 503)

## SHIPMAN v. STATE. (4 Div. 439.)

Court of Appeals of Alabama. Feb. 12, 1929.

Rehearing Denied March 19, 1929.

A. G. Seay, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This appellant was convicted in the court below of the offense of assault with intent to murder, as charged in the indictment. His punishment was fixed by the court at imprisonment in the penitentiary

for not less than 8 and not more than 10 years.

The evidence without dispute disclosed that he shot J. P. Hollis, the alleged injured party designated in the indictment, with a .38 calibre blue steel pistol at close range, inflicting a dangerous wound, the bullet entered his left side near the heart and passed entirely through his body, penetrating his lungs. The defendant relied upon self-defense.

The points of decision relied upon to effect a reversal of the judgment of conviction are predicated upon several exceptions reserved to the court's rulings upon the admission of evidence. It does not appear that any special written charges were requested, nor that a motion for new trial was made.

All of the insistences of error are of the same import, and are to the effect that the evidence sought by defendant and not allowed by the court, as well as that which was excluded, was of the res gestæ, that is to say, a part of the same transaction. The court held otherwise and to the effect that the evidence disclosed two separate and distinct transactions, or difficulties, and that the necessary continuity, in order to render the details of the first alleged difficulty relevant and admissible was not shown or made apparent. Under this view the court announced upon several occasions that evidence of a former difficulty was admissible and would not be allowed, but not the details. A decision here as to the correctness of the court's rulings in this connection will of necessity be decisive of this appeal. We advert to the evidence, on this point, as shown by the record. It appears therefrom without conflict that the involved parties, and nearly all the witnesses who were examined upon the facts, are colored people, and had attended services at a negro church; that on their way towards home a difficulty arose between two women, one of whom was the wife of the injured party, Hollis, and the other the sister of defendant. The gravity of this difficulty, or its nature, was not inquired into, but it is apparent from all of the evidence that it was not serious and was probably an ordinary altercation between two negro women. It does not appear from the evidence that the "prior difficulty" was between Hollis and the defendant. Moreover, the clear deduction from all the evidence is to the effect that the alleged first difficulty, whatever it may have been, had ended, and the participants and parties had dispersed and gone their several ways, at the time of the shooting of Hollis by defendant. On the question of the elapsed time between the woman fight and the shooting, we quote the only direct evidence in the record on this point. Witness J. P. Hollis testified: "I don't know how long it was before he shot me, about 30 minutes I reckon, not more than an hour. I don't know how far that was

from the place where he shot me, it was 150 yards or more." Carlos Hollis testified: "The shooting took place about a quarter of a mile from where the woman fight happened." Henry Flowers, defendant's witness, testified that the shooting took place "somewhere near 40 minutes, or a little further than that, after the woman fight." This, and other evidence of like import, shows that the two alleged difficulties were separate and distinct, and, as a consequence, we hold that the court properly ruled that evidence of the details of the difficulty between the two women was not admissible as of the res gestæ of the felonious assault herein complained of, and of which the accused was in our opinion very properly held accountable. Woods v. State, 19 Ala. App. 299, 97 So. 179, and cases cited.

From a careful consideration of the evidence in this case and its tendencies, we conclude it was ample to justify the jury in rendering its verdict, and also, the court in inflicting the punishment accorded. It appears to us that the accused was given a fair and impartial trial free from error in any of the court's rulings. It is therefore ordered that the judgment of conviction from which this appeal was taken will be affirmed.

Affirmed.