188 So. 276

## TUCKER v. STATE.

2 Div. 663.

Court of Appeals of Alabama.

April 18, 1939.

Pitts & Pitts, of Selma, for appellant.

Thos. S. Lawson, Atty. Gen., and Edw. B. Crosland, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in two counts. The first count was eliminated. The second count charged that the defendant feloniously took and carried away in the State of Mississippi, one cow, the personal property of Mattie Wilson, and brought said cow into the County of Marengo in this State, against the peace and dignity of the State of Alabama.

The evidence introduced by the State tended to prove that Mattie Wilson, who resided in Meridian, Miss., owned a light cream colored Jersey cow of a certain description. The cow was stolen from her yard on the night of June 28, 1938, and was found in the possession of W. L. Ford in Marengo County, Alabama, about three weeks afterwards. The identity of the cow was not disputed. Ford purchased the cow from the defendant (appellant here) on or about July 18, 1938, for $27.50; the cow at that time being in the pasture of one Preston Glass. The sale took place in the presence of said Preston Glass. There was evidence tending to prove that the cow had been brought from Meridian, Miss., in a truck owned by the defendant, or in a truck driven by defendant, about the time of the asportavit.

The testimony of the defendant was to the effect that he traded a spotted cow to. Preston Glass for the cow in question; and, he further testified, that he had not been in Mississippi at the time the cow was stolen. The defendant admitted selling the cow in question to Ford.

The principal point of contention here is that the court erred in refusing to allow counsel for defendant to ask the State's witness, Ford, on cross examination, the following question: "Did Mr. Glass take charge of the spotted cow?" Defendant's counsel argues, at length, that this was error on the part of the court to his prejudice but no authority is cited, and we are clear to the conclusion that the question called for a conclusion on the part of the witness; and, for this reason, if for no other, the ruling of the court was free from error. True, the witness Ford had testified the purchase of the cow was made in Preston Glass's pasture, and at the time of the purchase, Glass, witness and the defendant were present; that there were two cows there, a spotted cow and the cow described in the indictment; that there was a swap between Glass and defendant of the two cows, whereby defendant became the owner of the stolen cow, which he sold to Ford. As to whether or not this was true, the jury could determine from the facts as testified to by the witnesses, but a conclusion of the witnesses was not relevant.

It was, also, insisted that the court erred in refusing to permit the defendant to prove by the State's witness, Ford, what Preston Glass said at the time of the alleged trade of the cow by the defendant to him, for the cow in question. Whatever passed between Ford and the defendant, relative to the purchase and at the time of the purchase, was relevant; but a conversation between Ford and Glass not relating

to the trade between Tucker and Ford was res inter alios acta.

 Insistence is also made that the court erred in permitting the prosecuting attorney over the objection of defendant, to state in his closing argument: "I believe he (defendant) is guilty." This was a mere expression of opinion by the Solicitor, and the ruling of the court is not ground for reversal. Bruce v. State, 22 Ala.App. 440, 116 So. 511.

We find no error in the record and the judgment is affirmed.

Affirmed.