40 So.2d 910

## WEATHERSPOON v. STATE.
### 6 Div. 779.

Court of Appeals of Alabama.
June 7, 1949.

Bumgardner, Saunders & Hawkins, of Bessemer, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

On an indictment charging murder in the first degree, the accused was convicted of murder in the second degree.

There is but slight variation in the testimony of the witnesses.

The coroner testified with reference to a statement the defendant made to him soon after the homicide. We copy this from the brief of appellant's counsel:

" 'She said he had abused her, and they had been fussing that night. He had been fussing at her in bed until late in the night, and then they went to sleep. She said the next morning,—why, he started fussing again. Then she said she went somewhere to get some ice-cream. When she came back she said he was drinking, and fussing and abusing her, and asked her who brought her home. She said she come home in a taxi. She said he went back into the house, and she went out in the front yard and got her gun out from under the house. She said she had hid it under the house. And she sat down in a chair. She further stated that the deceased came to the door while she was sitting in the back yard in a chair and had two or three bottles in his hand; that he threw one bottle at her, and she shot at him once and missed him; and he threw another

bottle at her, and she shot the second time and hit him; that he then went through the house and come back around the front, and fell in the back yard close to where she was. She said she then went and called the officers, and went on down towards the Pipe Shop.' The witness further said that she told him where the gun was that she had shot him with; that it was under a little weeping willow tree in the front yard, with a shoe sitting on top of it and that she got the gun and gave it to the witness, and he got the gun at the scene of the shooting."

In the main this is in accord with the appellant's testimony at the trial of the cause.

Without dispute in the evidence, the bullet entered the decedent's back and was later removed from near the left front surface of the body.

■ It is insisted that the coroner was not qualified as an expert to state that the bullet passed through certain vital organs of the decedent's body and that the inflicted wound caused death.

We will not attempt to illustrate our views on this matter. There is no factual controversy about the cause of decedent's death. He died forthwith after he was shot. Supreme Court Rule 45, Code 1940, Tit. 7 appendix.

The rule was in every respect observed in the matter of showing that the confession of the accused was voluntary. It may be noted, also, that there is only a slight difference in the content of this statement and the testimony of the accused at the trial.

■ During his argument to the jury the prosecuting attorney stated: "According to the testimony the defendant had murder in her heart for him for three months" and "Based on the evidence she determined in her mind to kill him long before this ever occurred."

There was considerable evidence of former quarrels and personal difficulties between the couple. On one occasion the deceased severly cut the accused. The latter had secured a pistol and had con-

cealed it beneath the floor of her home. In this state of the record, the indicated argument was authorized. Windham v. State, 23 Ala.App. 27, 122 So. 804; Gilbert v. State, 19 Ala.App. 104, 95 So. 502; Griggs v. State, 21 Ala.App. 530, 109 So. 611; Vincent v. State, 22 Ala.App. 172, 113 So. 643.

■ Objections were interposed to this statement of the solicitor: "I believe it is a vicious, unprovoked killing."

Counsel should refrain from expressing his personal views and opinions in this manner, unless he bases it on the tendencies of the evidence. However, our appellate courts have not condemned such statements to the extent of charging error for their utterance. Tucker v. State, 28 Ala. App. 492, 188 So. 276; Malloy v. State, 209 Ala. 219, 96 So. 57; Dunn v. State, 19 Ala.App. 576, 99 So. 154; McColston v. State, 20 Ala.App. 591, 104 So. 347; Gardner v. State, 17 Ala.App. 589, 87 So. 885.

Among the grounds assigned in the motion for a new trial is that the verdict of the jury was quotient. The evidence in support of this position consisted of the testimony of one witness and an affidavit of one of the jurors who sat on the case. The witness was interrogated with reference to what the juror told him.

■ It is well settled by many authorities that jurors may give evidence to sustain their verdict, but they cannot testify to facts which tend to impeach it. Mobile & O. R. Co. v. Watson, 221 Ala. 585, 130 So. 199; City of Dothan v. Hardy, 237 Ala. 603, 188 So. 264, 122 A.L.R. 637; Rikard v. State, 16 Ala.App. 401, 78 So. 317.

■ In addition, the testimony of the witness was obviously hearsay.

Without question, the proof here attempted was not in accord with the rule, and the tendered testimony was properly disallowed.

The refusal of written charge number 6 was not error. Gardner v. State, 21 Ala. App. 566, 110 So. 61.

By refused charge number 9 effort was made to have the court instruct the jury on the effect of the evidence.

■ Irrespective of the provisions of Sec. 270, Title 7, Code 1940, the court has no authority in a criminal case to withhold any material question of fact from the jury where there is any tendency in the evidence to support it. The jury, of course, has a right to draw reasonable inferences from the proved facts.

■ In the instant case, we hold that the charge was properly refused.

The facts are quite dissimilar to those found in the opinion in the case of Resmondo v. State, 24 Ala.App. 566, 138 So. 425.

■ Refused charges 16 and 25 are abstract. The deceased was living in the home with the appellant and had been for some time. Charges should not be given if they are predicated on facts which do not find support in the evidence. Jackson v. State, 5 Ala.App. 306, 57 So. 594.

The few remaining questions to which we have not responded are of such nature that a discussion of them is not required.

It is ordered that the judgment of the court below be affirmed.

Affirmed.

BRICKEN, Presiding Judge, not sitting.