129 So.2d 121

Henry Mark CRANMORE

v.

STATE.

1 Div. 840.

Court of Appeals of Alabama.

April 18, 1961.

B. F. Stokes, III, Mobile, for appellant.

PRICE, Judge.

Appellant, Henry Mark Cranmore, was convicted of the offense of burglary in the second degree. His punishment was fixed at imprisonment in the penitentiary for four years.

The evidence presented for the state tended to show that a Standard Oil Station operated by Mr. Fred Ware in Chatom, Alabama, was broken into and entered on the night of February 16, 1960. Two new automobile tires taken from the station were recovered from nearby bushes.

Mr. Woodie Thompson, who operated a service station close by, at five minutes before two a. m., heard a noise at the Standard station and drove down to investigate it. Defendant was sitting in a car in front of the Standard station. Mr. Thompson asked what the trouble was, and defendant answered, "nothing," that he had stopped to take a drink, and drove away. Mr. Thompson, seeing the doors of the Standard station were open, notified the sheriff.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

Defendant was arrested in Saraland around three o'clock a. m. He was driving a 1954 Oldsmobile. There was a revolver and various tools in the car.

George McIlwain, who had plead guilty to the offense, turned state's evidence. His testimony was that he left Mobile with defendant and Frank Cheatom on February 16th; that he and Cheatom broke into and entered the Standard station and that Cranmore drove the car, let them out, drove away and returned in accordance with his agreement to pick them up; that they ran when they heard someone approach defendant, but were arrested later.

After proper predicate was laid as to its voluntariness, a statement made by defendant to the sheriff and solicitor, reduced to writing and signed by him, was introduced in evidence. In the statement defendant admitted he drove the car, let the others out at the station and returned for them, and that he drove away after being seen by Mr. Thompson.

Mobile and Pritchard police officials testified defendant had furnished information and worked with them in apprehending criminals; that he was not a member of the police force, but worked as a bartender and night manager of a Mobile club.

As a witness in his own behalf, defendant testified he had kept different law enforcement bodies of Mobile County informed of the movements of prospective criminals. He denied that he had any part in burglarizing the service station. He stated: "I was going to see what they were going to do. They had talked to me about breaking into something and I wanted to see what they were going to break into." He admitted he drove the car, let the boys out at the station, drove away and returned and after Mr. Thompson drove away he started back to Mobile. He stated the gun belonged to him and he was driving Cheatom's car.

It is first insisted that the court erred in refusing to grant defendant's motion for a continuance of the case. Counsel points out in brief that only seven days had elapsed since the trial of this defendant on a burglary charge in Clark County, and defendant had not had opportunity to prepare for trial.

The granting or refusing of a motion for a continuance rests largely within the discretion of the trial court, and his ruling will be disturbed only in the event of an abuse of discretion. See 6 A. Alabama Digest Criminal Law ⊜586 for cases.

The defendant was arrested on February 17, 1960, indicted March 9th and tried on April 6, 1960. Denial of continuance was not an abuse of the court's discretion. Ball v. State, 252 Ala. 686, 42 So.2d 626.

Moreover the stated ground of defendant's motion was for continuance so as to be able to procure material witnesses in his behalf. Defense counsel stated to the court that the witnesses had never been summoned. Refusal to continue a case because of the absence of a witness not summoned is not an abuse of discretion. Thompson v. State, 23 Ala.App. 74, 120 So. 918.

The trial court inquired whether there was an agreement as to showings for the absent witnesses. The following occurred: "Yes, sir. It is called to my attention the bailiff or sheriff have called three of these witnesses. One is available and the other two doubtful about appearance, and in the event the other two don't show physically at the time they are to be heard, there are certain letters which the state and defendant have tentatively agreed upon to be substituted as a showing." The solicitor: "If they are not here * * * there would be a showing if these three failed to appear that we agreed upon."

It is not an abuse of the court's discretion to overrule a motion for a con-

tinuance where the state admits showing by the defense as to what the witness would testify. See 6A Ala.Dig. Criminal Law Sec. 600 for cases. We think it is apparent from the record that the witnesses appeared and testified on the trial, since no showings setting up the facts expected to be proved by the witnesses were prepared, submitted or sought to be introduced.

William L. Lamey, Detective Lieutenant, City of Mobile, testifying as a witness for defendant stated that prior to the date of arrest defendant had given information to the Mobile Police Department. This question was asked: "Q. Did he tell you he was following two men that were getting ready to do a burglary job just previous to his arrest?" The state objected on the ground the question called for a self-serving declaration.

This question was propounded to defendant on direct examination: "Did you inform any of the law enforcement officers in Mobile before you left you had these two under supervision?" He answered: "I did." Thereupon the state interposed objection and the court sustained the objection.

It is argued that defendant was entitled to this evidence under the rule that "what a person says on setting out on a journey, or to go to a particular place, explanatory of the object he has in view in so setting out, is res gestae evidence, and as such, may be proven. This is to permit the defendant to show the object and purpose he had in mind in going to the place where the crime was committed, thus shedding light upon his motive, intent, or acts." Sellers v. State, 37 Ala.App. 318, 68 So.2d 65, 67.

■ We think these statements were self-serving, not a part of the res gestae, and were inadmissible.

■ Defendant objected to the following statement of the solicitor during argument: "I never did ask you to convict a man I believe to be innocent." The court overruled the objection. Counsel excepted and moved for a mistrial. We think the statement was a mere expression of opinion by the solicitor that the defendant was guilty, and was not a cause for reversal under the following authorities: Griggs v. State, 21 Ala.App. 530, 109 So. 611; Bruce v. State, 22 Ala.App. 440, 116 So. 511; Tucker v. State, 28 Ala.App. 492, 188 So. 276.

In Gilbert v. State, 19 Ala.App. 104, 95 So. 502, 504, the solicitor's remark was: "You find him guilty. He is guilty as hell itself under this testimony, and you know it." The court said: "This court, while not giving its approval of the character of the argument complained of, would not be warranted in reversing the judgment appealed from, for the reason that we are of the opinion that such argument did not injuriously affect the substantial rights of the defendant."

We are of the opinion defendant's substantial rights were not injuriously affected by the solicitor's statement in the instant case.

■ The evidence presented questions for the jury's determination, and was sufficient to sustain the verdict. There was no error in the court's action overruling the defendant's motion to exclude the evidence, made at the conclusion of the state's case in chief, nor in the refusal of the requested affirmative charge or the denial of the motion for a new trial.

No error appearing in the record, the judgment is affirmed.

Affirmed.