318 So.2d 378

**Theodis KENDRICK, alias**

**v.**

**STATE.**

**3 Div. 367.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

Sam W. Taylor, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was indicted for the unlawful assault with intent to ravish one

Shelbie M. Howard. The jury found the appellant "guilty of assault with intent to ravish," and fixed punishment at six years imprisonment. The trial court then entered judgment in accordance with this verdict.

Connie Jean Hill testified that she was fourteen years of age at trial, and was thirteen years of age on May 19, 1974, when she and Shelbie M. Howard, another thirteen year old girl, went walking shortly after the noon hour in Riverside Heights, Montgomery, Alabama, across the railroad tracks toward a small store. She testified that the two girls went to the store, bought some orange juice and Fritos, and were walking back when they were accosted by the appellant, Theodis Kendrick. She testified that the appellant made both girls go behind some warehouses and into a large crate box, that he made each girl disrobe to her panties, leaving their clothes on the railroad track. Connie Jean Hill then told of the sexual assault on her person by the appellant, stating that he struck her over the eye with a stick before placing his private parts in her private parts, after removing her undergarments. She testified that the appellant also struck Shelbie M. Howard across the face with his hand, then grabbed her by the arm before he picked up his pants and ran away.

Shelbie Mae Howard testified that she lived at 709 Robinson Street in Montgomery, and was fourteen years of age at the time of trial. She testified that she was thirteen years of age on May 19, 1974, and that she was attending Baldwin Junior High School. She testified that Connie Hill was a friend of hers, and that about 1:00 on the afternoon of May 19, 1974, the two girls left her home in the Riverside Heights section of Montgomery, walking down Clayton Street toward a store. She testified that they went in the store, bought some orange juice and Fritos, and continued down Clayton Street when the appellant began following them. She testified that the appellant grabbed her by the hair, and grabbed Connie by the arm, then told them to accompany him into a warehouse area. She stated that he made both girls pull off their clothes except for their panties, then go into a large box where he placed his private parts in Miss Hill's private parts after striking her with a stick. He also struck Miss Howard across the face with his hand and shook her by the hair. She testified that after the appellant ran away, the girls went out, got their clothes, and went to where a white lady was in an apartment nearby and asked her to call the police. She testified that she then went to the Montgomery Housing Authority office on Bell Street and told her cousin, who worked there, about the assault on each of them by the appellant. She testified that she had previously identified the appellant at a police lineup at City Hall, and also at a prior trial.

Montgomery Police Sergeant J. C. Cunningham testified that he was on duty on May 19, 1974, and that he received a police radio dispatch to go to 303 Riverside Drive where he met two young girls, named Connie Jean Hill and Shelbie Mae Howard. He testified that he talked with them on this afternoon, and that they described an assault on themselves. He testified that he also went to St. Margaret's Hospital as a part of his investigation. He testified that he went to the scene where the large moving crates were, at a warehouse, and found a pair of purple panties, a pair of knit panties, and a small bra, which he identified as having been found at the scene in question.

Montgomery City Detective Cody R. Wood testified that he had an oral interview, on May 24, 1974, with the appellant, after first giving him a Miranda and pre-Miranda warning. The appellant signed a "waiver of rights" form, and when he was asked why he assaulted Miss Howard, he replied that "it was too embarrassing to talk about, that he did not intend to hurt anyone, and that he did not want his foreman to find out about it."

Appellant's motion to exclude the State's evidence was overruled.

The appellant testified that he was twenty-two years of age at the time of the alleged assault, that he was working at the Kimball Furniture Company in Montgomery, and was living at the Salvation Army Headquarters. He testified that on the date of the alleged assault, Sunday, May 19, 1974, he had been with a friend of his, one Willie Brassell, that after attending church services at the Salvation Army, they went by a store, bought some cigarettes, then drove out in a friend's car and picked up a friend whom they took to the Greyhound Bus Station. He testified that they went by the Pekin Theatre, then later went back by the Salvation Army office where they met some friends. He admitted that he had a conviction for grand larceny from Morgan County, and on cross-examination admitted that he had been tried and convicted of the rape assault on Miss Hill. He denied ever having seen either of the girls before, stating that the first time he saw them was when they were at Police Headquarters at City Hall, and that he had never assaulted either of them, or made them take off their clothes, or touched them.

## I

The appellant asserts two grounds as a basis for reversal of this cause. He first contends that during the argument the following statement of the District Attorney constituted reversible error under the case of *Woods v. State,* 19 Ala.App. 299, 97 So. 179, the statement in question appearing on record, page 92, and reads as follows:

"... I would not ask you to send an innocent man to the penitentiary."

The appellant's motion for mistrial was overruled by the Court on the basis that such was merely argument of the counsel, and not an opinion.

In *Cranmore v. State,* 41 Ala.App. 276, 129 So.2d 121, former Presiding Judge Price observed:

"Defendant objected to the following statement of the solicitor during argument: 'I never did ask you to convict a man I believe to be innocent.' The court overruled the objection. Counsel excepted and moved for a mistrial. We think the statement was a mere expression of opinion by the solicitor that the defendant was guilty, and was not a cause for reversal under the following authorities: *Griggs v. State,* 21 Ala.App. 530, 109 So. 611; *Bruce v. State,* 22 Ala.App. 440, 116 So. 511; *Tucker v. State,* 28 Ala. App. 492, 188 So. 276."

We do not view the District Attorney's argument in the same light as the appellant. Under *Cranmore,* supra, and *Ross v. State,* 46 Ala.App. 88, 238 So.2d 887, and *Owens v. State,* 51 Ala.App. 50, 282 So.2d 402, such statement as was here made is clearly not grounds for reversal. The statement in question was simply argument and not the opinion of the District Attorney, and was so understood by the trial court in its statement overruling the motion for mistrial. Thus, no eror was shown.

## II

Appellant next asserts that the following, which occurred during the appellant's attorney's closing agument, constitutes reversible error [R. pp. 86 and 87]:

"MR. TAYLOR: Am I putting up a smoke screen? Am I telling it wrong from what they said? That's what they said. This little lady Contradicted Connie and contradicted herself. And if we had given her more time, she would have contradicted herself a good deal more than that. But it wasn't any use in going any further to press the matter. There is some serious doubt, I think, whether he put his hands on her or not.

"Now, if Your Honor please, this man crept over here and stood behind me while I was arguing this case to the jury, and he has made a comment, Your Honor.

"THE COURT: Well, wait just a minute, Mr. Bailiff. Did he make a com-

ment? Did any of you jurors hear what he said?

"MR. TAYLOR: He surely did. He was trying to comment on the evidence, Judge, and I move for a mistrial.

"THE COURT: I'll hold him in contempt if the jurors heard anything he said.

"MR. TAYLOR: Judge, he is here with the same purpose as his daughter is, to get a conviction by hook or by crook.

"THE COURT: Wait a minute.

"MR. TAYLOR: If Your Honor please, I desire to inquire the identity of this man that crept up behind me and made this remark.

"THE COURT: Mr. Bailiff, who is that fellow? Tell this to Colonel Taylor.

"MR. BAILIFF: Arthur Howard, Jr.

"THE COURT: Go ahead with your argument.

"MR. TAYLOR: The prosecutrix Shelbie Howard. Judge, I wish to inquire is this the father of this young lady?

"THE COURT: I don't think that you can go into that.

"MR. TAYLOR: Judge, we're going to move for a mistrial. I don't want these jurors to be influenced.

"THE COURT: Well, the jurors said that they didn't hear anything that he said.

"MR. TAYLOR: Judge, they know who he is, and they know he is creeping around this courtroom.

"THE COURT: Well, that doesn't make any difference, if they do know. They know who you are too, and they know who I am.

"MR. TAYLOR: All right, sir. Well, sir, I want it on the record, Your Honor, that we do move for mistrial on the grounds that this intimidation of the jurors—

"THE COURT: Overruled."

In *Howard v. State,* 273 Ala. 544, 142 So.2d 685, Mr. Chief Justice Livingston noted:

"Generally, it is not an abuse of the trial judge's discretion to deny a new trial in cases where the members of the victim's family have sat within the bar of the court or within view of the jury and wept quietly, sobbed aloud, or even fainted. *Swindle v. State* (27 Ala.App. 549, 176 So. 372), supra; *Davis v. State,* 222 Ala. 285, 131 So. 900; *Hanye v. State,* 211 Ala. 555, 101 So. 108; *Wyres v. State,* 32 Ala.App. 630, 29 So.2d 155; *Duff v. State,* 40 Ala.App. 80, 111 So.2d 621, certiorari denied 269 Ala. 696, 111 So.2d 627."

■ In the case at bar, the jurors indicated that they did not hear any of the alleged comment made by the prosecutrix' father, Mr. Howard. Moreover, as the trial court noted, the jury was entitled to know of his presence within the courtroom, just as they were entitled to know who the interested parties were in the litigation.

■ Under these circumstances, we are of the opinion that the trial court properly overruled the appellant's motion for a mistrial, and there was no abuse of discretion in allowing the father of the victim to be present in the courtroom during the attorney's closing argument. *Brodka v. State,* 53 Ala.App. 125, 298 So.2d 55, and authorities therein cited. *Cranmore v. State,* supra.

### III

■ At the conclusion of the trial court's oral charge, the appellant announced "satisfied." The trial court then gave eleven of the written requested charges, denying only three charges, af-

firmative in nature. Clearly, this was proper under the evidence. Title 7, Section 273, Code of Alabama 1940.

We have carefully examined this record and find no error therein. The judgment is therefore due to be and the same is hereby

Affirmed.

HARRIS, DeCARLO, BOOKOUT, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.

CATES, P. J., not sitting.