Randy David Galloway was indicted and convicted for the unlawful sale of marijuana. Sentence was five years' imprisonment. On appeal from that conviction, he argues that, in closing argument to the jury, the District Attorney emphatically stated that he was guilty and for that reason a reversal of his conviction is required.
During closing argument, the following occurred:
 "MR. FOLMAR [District Attorney]: — that what he did was a wrong thing and that Randy Galloway ought to be put in jail for it.
 "MR. HAMMOND [Defense Counsel]: We object to that, Your Honor. That's improper argument.
"THE COURT: Overruled."
In an opening statement "it has never been contemplated or allowed that an emphatic statement by a solicitor, of his own knowledge, could be made to the effect that the defendant is actually guilty of the crime charged in the indictment."Rowland v. State, 31 Ala. App. 605, 606, 20 So.2d 881, 882
(1945) (in opening statement, prosecutor stated as a fact that accused raped victim without any statement that the State expected to offer evidence tending to show such). See also Exparte Baldwin, 456 So.2d 129, 136-37 (Ala. 1984) (prosecutor in his opening statement was "within reason" in stating that he expected that evidence would be admitted to show that accused had escaped from a prison camp only hours before meeting and abducting victim); White v. State, 294 Ala. 265, 270,314 So.2d 857, 861-62, cert. denied, White v. Alabama, 423 U.S. 951,96 S.Ct. 373, 46 L.Ed.2d 288 (1975) (prosecutor contended in opening statement that knife found in deceased's hand was placed there and in closing argument that accused ran a "beer joint"). "[T]he law is clear that a prosecutor should never express his personal opinion as to the guilt of the accused as such expression invades the province of the jury." Crosslin v.State, 446 So.2d 675, 680 (Ala.Cr.App. 1983) (prosecutor's statement during cross examination of accused that accused "did the killing" and "did kill them"). "The personal opinion of the solicitor as to the guilt of the accused or as to any material fact involved in the case is not evidence. It should never be uttered by a prosecuting attorney, and, if the court gives sanction to such an utterance, it thereby commits error necessitating a reversal of the conviction appealed from."Woods v. State, 19 Ala. App. 299, 300, 97 So. 179, 180 (1923) (prosecutor stated in closing argument, "In my honest opinion, . . . and before God it is my honest *Page 1201 
opinion, . . . [the victim] . . . had no pistol during this difficulty").
However, in closing argument, a prosecutor may argue that the evidence presented proves the guilt of the accused.
 "It is never proper for a District Attorney to express his personal views as to the guilt of the accused in his summation to the jury. Where, however, the argument . . . constituted mere expression of opinion and deductions and conclusions based upon the evidence and . . . did not appeal to prejudice, [it] was not prejudicial and is not reversible." Mitchell v. State, 50 Ala. App. 121, 130, 277 So.2d 395, 403, cert. denied, 291 Ala. 794, 277 So.2d 404 (1973) (prosecutor argued, "It is the State of Alabama's position, and I'm convinced myself, personally, as an officer of this county and this state . . . * * * that the evidence from this stand is beyond any doubt of the guilt of the defendant").
"[T]he rule on which the weight of authority is in agreement is that it is improper for the prosecuting attorney so to express his personal opinion or belief in guilt of accused as to permit of an inference by the jury that such opinion or belief is based on reasons or information outside the evidence, but that it is not improper for him to argue or to express his opinion that accused is guilty, where he states, or it is apparent, that such opinion is based solely on the evidence." 23A C.J.S.Criminal Law § 1104, p. 194-95 (1961). See Crenshaw v. State,153 Ala. 5, 7, 45 So. 631, 632 (1908) (prosecutor argued to the effect that the evidence showed a clear case); Cranmore v.State, 41 Ala. App. 276, 279, 129 So.2d 121, 123 (1961) (prosecutor's statement, "I never did ask you to convict a man I believe to be innocent" found to be "a mere expression of opinion by the solicitor that the defendant was guilty, and . . . not a cause for reversal"); Handley v. State, 214 Ala. 172,175, 106 So. 692, 695 (1925) (argument, "She is a murderer; she is a murderer. She is not some one who has committed some of the lower offenses of homicide" did "not transcend the bounds of legitimate argument"); Gardner v. State, 17 Ala. App. 589,590-91, 87 So. 885, 886, cert. denied, 205 Ala. 60, 87 So. 888
(1920) (prosecutor's argument that the defendant "is a pickpocket" in prosecution for grand larceny "was the expression of an opinion" by the prosecutor, "and from the state's contention was supported by one phase of the evidence." Presiding Judge Bricken dissented, arguing that "it did not lie in the mouth of the solicitor to decide these vital questions."); McColston v. State, 20 Ala. App. 591, 593,104 So. 347, 348-49 (1925) (prosecutor's argument, "He is guilty of the crime of highway robbery," should be refrained from but did not constitute error); Dunn v. State, 19 Ala. App. 576, 577,99 So. 154, 155 (1924) (prosecutor's comment, "I tell you that this defendant is guilty," was merely an argument of the inference drawn by the solicitor and was not improper); Griggs v. State,21 Ala. App. 530, 531, 109 So. 611 (1926) (prosecutor stated that from the evidence he believed the defendant was guilty, and that, if he did not believe the defendant was guilty, he would not ask the jury to convict him. Held: The opinion was based upon the evidence. "Where this is the case, such expression of opinion will not be sufficient upon which to predicate a reversal."); Tucker v. State, 28 Ala. App. 492, 494,188 So. 276, 277 (1939) (prosecutor's statement, "I believe he [defendant] is guilty" was a "mere expression of opinion by the solicitor" and not improper remark); Gilbert v. State,19 Ala. App. 104, 106-07, 95 So. 502, 504 (1923) (prosecutor's closing argument, "He is guilty as hell itself under this testimony, and you know it" though not approved was "but the mere expression of counsel made in argument").
The record in this case does not support the defendant's contention that the prosecutor made an emphatic statement of guilt based upon his own knowledge. This Court will not presume or infer the existence of error or other impropriety from a silent record.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1202