# Henderson *v.* The State.

## *Burglary.*

(Decided May 11, 1911.   Rehearing denied May 29, 1911.
55 South. 437.)

1. *Witnesses; Rule; Excusing From; Discretion.*—It is within the discretion of the trial court to excuse a witness from the rule, and only an abuse thereof will work a reversal; in this case no abuse is shown.

2. *Burglary; Evidence.*—It is competent to introduce evidence to show that the defendant had on a different shirt when arrested from the one he wore the day before, and that the shirt found in the defendant's house was the one worn by the man seen in the laundry burglarized the night before, as tending to identify the defendant as the person seen in the laundry, and to contradict his testimony tending to show that it was another party.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Will Henderson was convicted of burglary and he appeals.   Affirmed.

FRANK S. ANDRESS, for appellant.   Counsel insists that the court will not take judicial knowledge that Birmingham was in Jefferson county, and that the venue was not otherwise proven, and hence, the defendant was entitled to the affirmative charge.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was sufficient evidence from which it could be inferred that the crime alleged was committed in Jefferson county.—*Clark v. State,* 78 Ala. 474.

WALKER, P. J.—The action of the trial court in excepting the witness Stafford from the operation of the rule which had been invoked to require the wit-

nesses to be examined out of the hearing of each other does not constitute a ground of reversal. That was a matter resting in the discretion of the trial court, and its action in that regard, certainly in the absence of any appearance of an abuse of discretion, is not subject to review on appeal.—*McLean v. State,* 16 Ala. 672; *Montgomery v. State,* 40 Ala. 648; *Ryan v. Couch,* 66 Ala. 244.

Instead of the record in this case indicating that there was an abuse of discretion, the contrary appears. The witness Stafford was an officer of the corporation upon the premises of which the indictment charged the defendant committed burglary. In permitting him to remain in the courtroom, so that the solicitor could have the benefit of his services in the management of the trial, the court but followed the practice which was recommended in the opinion in the case of *Ryan v. Couch, supra.*

The evidence subsequently developed removed any question as to the propriety of the action of the court in refusing to exclude the statement of the witness Hopper that when the defendant was arrested on the morning after the alleged burglary he had on a different shirt from the one he wore the day before. There was testimony tending to show that the person who was seen in the laundry, apparently in the prosecution of a burglary, had on a blue shirt, which was found in a basket containing soiled clothes on a search of the defendant's home the next morning; while the defendant, when examined as a witness in his own behalf testified that he had on the same shirt the day he was arrested that he wore the day before. For the purpose of identifying the defendant as the person who was seen in the laundry, and of contradicting the testimony offered in behalf of the defendant tending to show that it was an-

other person, it was competent to admit evidence tend-
ing to show that the defendant, when arrested, had on
a different shirt from the one he wore on the day be-
fore; and the statement of a witness that the shirt found
in the defendant's house was the one worn by the man
seen in the laundry the night before was admissible.—
*Newell v. State,* 115 Ala. 54, 22 South. 572; *Walker v.
State,* 58 Ala. 393.

There being evidence before the jury tending to sup-
port the charge made in the indictment, it was not error
to refuse the general affirmative charge requested in be-
half of the defendant.

Affirmed.