(106 So. 619)

### DICKSON v. STATE.    (6 Div. 773.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Oct. 27, 1925.)

**1. Criminal law &#8733;1169(12)—Admitting proof of prior confession to same effect as admitted in open court by defendant would be of no injury.**

Where every material statement in an alleged confession is admitted in open court on trial and by defendant's own statement, any error in admitting proof of prior confession to same effect would be of no injury to defendant.

**2. Criminal law &#8733;1172(8)—Error assigned to court's charge relative to assault with intent to murder immaterial, where conviction was for assault and battery.**

Where conviction was had for only assault and battery, that part of court's charge relative to assault with intent to murder becomes immaterial.

**3. Assault and battery &#8733;95—Whether abandonment of infant child by parent is felonious assault or simple assault is for jury.**

Whether the abandonment of an infant child by its parent was a felonious assault or simple assault is question under the facts to be submitted to the jury.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Helen Dickson was convicted of assault and battery, and she appeals. Affirmed.

Certiorari denied by Supreme Court in Dickson v. State, 214 Ala. 117, 106 So. 620.

Gray & Powell, of Jasper, for appellant.

Brief of counsel on original hearing did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The defendant, a single woman, was delivered of a child on a certain Friday night. She concealed its birth, and some time during Saturday night she wrapped it in an old dress and some newspapers and carried it and left it under a tree near a certain church during a drizzling rain, where it was found by some kind people, cold and almost dead. These people took the child, resuscitated it, and cared for it and still have it.

[1] There are many objections and exceptions to testimony tending to prove a confession on the part of the defendant as to the facts establishing her guilt of the crime charged (the corpus delicti being proven), some of which would be the subject of serious consideration, were it not for the fact that the defendant, testifying voluntarily in the trial of this case, made a full statement of every fact sought to be brought out by the said confessions before officers and claimed on the trial to be involuntary. The care with which confessions are admitted, in the trial of criminal cases, is for the one purpose of getting the truth, and, where it appears that every material statement in an alleged confession is admitted in open court on the trial and by the defendant's own statement, any error on the part of the court in admitting proof of a prior confession to the same effect would not be of injury to defendant.

[2] The one question of merit is as to whether the trial court erred in his oral charge in charging the jury:

"Where a person having charge of an infant of tender years abandons and exposes it to the inclemency of the weather, such person is guilty of an assault, and, if the leaving of such child exposed to the elements and such exposure would, in the ordinary course of events, be likely to cause death or great bodily harm to said child, this would be an assault with intent to murder."

As to the last clause of the foregoing we are not concerned, so far as the case at bar is concerned; the conviction having been only for an assault and battery.

[3] Whether the abandonment of an infant child by its parent is a felonious assault or a simple assault is a question under the facts to be submitted to the jury, and the trial judge in his charge to the jury seems to have followed our Supreme Court as well as the best text-writers on the subject. Pallis v. State, 123 Ala. 12, 26 So. 339, 82 Am. St.

---

&#8733;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Rep. 106; 1 Bishop Crim. L. par. 884; 2 Bish. Crim. L. p. 29; 5 C. J. p. 721 (182).

We find no reversible error in the record. Let the judgment be affirmed.