(109 So. 368)

### QUINN v. STATE. (6 Div. 976.)

(Court of Appeals of Alabama. June 1, 1926. Rehearing Denied June 29, 1926.)

**1. Criminal law ⚷⇒368(3)—Statement of another, when he and defendant were arrested at still in operation, held, on prosecution for distilling, admissible as res gestæ.**

Statement of another, when he and defendant were arrested at a still in operation, that he owned it and defendant was employed by him to help him work it, held, on prosecution for distilling, admissible as res gestæ.

**2. Criminal law ⚷⇒407(1).**

Statement of another, not replied to by defendant, when they were arrested at still, that he employed defendant to help operate it, held, on prosecution for distilling, admissible under rule as to inculpatory statements in defendant's presence and hearing.

**3. Intoxicating liquors ⚷⇒169.**

One engaged to work at a still and doing so is just as guilty of distilling as the owner.

**4. Criminal law ⚷⇒722(3).**

Statement of solicitor on prosecution for distilling, that he was asking jury to convict a "wild catter," and that the evidence shows he was such, held legitimate argument.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Richard Quinn was convicted of distilling, and he appeals. Affirmed.

In his argument to the jury, the solicitor used the remark: "Gentlemen of the jury, I am asking you to convict a wild catter." Counsel for defendant here objected to said remark, and the solicitor further stated, "Yes; the evidence shows he was a wild catter." Defendant's motions to exclude these remarks from the jury were overruled.

The bill of exceptions shows that defendant excepted to the following excerpt from the court's oral charge:

"If the defendant was engaged to work there at the still and did work there, he would be just as guilty as the man who owned it."

Gray & Powell, of Jasper, for appellant.

Evidence of what Whitlow said should not have been admitted. Steele v. State, 19 Ala.

---

⚷⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

App. 598, 99 So. 745. Counsel discuss other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., Chas. H. Brown, Asst. Atty. Gen., and M. E. Nettles, Asst. Sol., of Jasper, for the State.

The statement of Whitlow was pertinent matter, and properly admitted. Allen v. State, 20 Ala. App. 467, 103 So. 712. The remarks of the solicitor were legitimate. Price v. State, 20 Ala. App. 201, 101 So. 300. The oral charge of the court correctly stated the law. Stewart v. State, 19 Ala. App. 389, 97 So. 684.

BRICKEN, P. J. [1, 2] The arresting officers found this appellant and two other men at a still in Walker county, and arrested all three of the men. They also destroyed the still. The state's evidence tended to show that this defendant carried water in buckets to the still, and that, in his presence and hearing, upon that occasion, one of the men, by the name of Whitlow, stated that the still was his (Whitlow's), and that he had this appellant hired to help him work at the still and make the run. To this alleged remark the defendant made no reply. At the time in question, the evidence shows that the still was in full operation and whisky was running out of the worm. There were several gallons of whisky in jars or other containers and also several barrels of beer. The evidence for the defendant denied that he was working at the still and that he brought water to the still. He also denied that Whitlow made the remark about having been hired as testified by the state's witnesses. He admitted his presence at the still, and undertook to explain his being there by stating he was on his way to his brother's, who was to take him to see his sick wife at a hospital in Birmingham, and that he and one Olive had just stopped by the still and had only been there five or ten minutes. This conflict in the evidence presented a question for the jury. The court allowed the evidence to take a wide scope, which was highly favorable to the defendant, as he was permitted full latitude in explaining his presence at the still and his purposes and intentions. Several exceptions were reserved to the court's rulings upon the admission of testimony. They are all without merit. This so clearly appears, no discussion in this connection is necessary. The alleged statement by Whitlow was relevant and admissible as of the res gestæ. It was also admissible under the general rules of evidence as to inculpatory statements made by another in the presence and hearing of defendant. The rule is, as to evidence of this character, that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would probably respond. The alleged statement here complained of, made in the presence and hearing of defendant, was highly incriminatory, such as would naturally call for a denial or reply from defendant. There was nothing in his situation or surroundings which made it improbable that he would respond, he did not do so, and there was no error in the ruling of the court in this connection.

[3, 4] The exceptions to the oral charge of the court and to the argument of the solicitor are equally without merit. The statement by the court was correct, and the argument of the solicitor legitimate.

The court properly overruled defendant's motion for a new trial, and committed no error in the refusal of the several charges.

This case presented a clear-cut issue of fact for the jury, and the evidence was sufficient to sustain their verdict and support the judgment of conviction appealed from.

No error appears; therefore the judgment of the circuit court is affirmed.

Affirmed.