(113 So. 643)
### VINCENT v. STATE. (7 Div. 304.)

Court of Appeals of Alabama. Aug. 2, 1927.

Leeper, Wallace & Saxon, of Columbiana, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. ■ This case presented a question of fact only in the court below, as the evidence was in sharp conflict. That for the state tended to show that the arresting officers Clements and Jones met the defendant on the road in Shelby county, driving a Ford touring car, and that hidden behind the upholstering in the back of the car they found 10 one-gallon cans of whisky. At the time of this trial it appears that Officer Jones had died since the arrest of defendant and before this trial. Therefore the witness Clements was the only witness who testified to the above state of facts.

The defendant strenuously denied that there was any whisky in his car, as stated by state witness Clements, and offered the testimony of other witnesses whose evidence tended to corroborate him in this denial and insistence.

This conflict in the evidence made a question for the determination of the jury, and deprived the defendant of the right to have a verdict directed in his behalf. The affirmative charge as to the second count of the affidavit was properly refused.

Pending the trial several exceptions were reserved to the rulings of the court, and these points of decision are here presented and relied upon to effect a reversal of the judgment from which this appeal was taken. ■ The demurrer to the complaint or affidavit was properly overruled. The second count thereof, and upon which the defendant was convicted, was sufficient in form and substance to charge the offense of being unlawfully in possession, etc., of prohibited liquors.

This prosecution originated in the county court, and from a judgment of conviction in said court an appeal was taken to the circuit court. The several insistences to the effect that the record fails to show that the appeal was not properly perfected, and as a consequence no jurisdiction was given the circuit court to try this case, are without merit under the authority of State ex rel. Attorney General, Ex parte, 210 Ala. 458, 98 So. 708.

■■The statement alleged to have been made by the defendant at the time of his arrest and the alleged finding of the 10 cans of whisky in his possession was of the res gestæ, and therefore admissible, even though in the nature of a confession. It affirmatively appears that the alleged statement by defendant at that time, if made, was voluntary and under these conditions a predicate for the introduction of the alleged statement was not necessary. Exceptions reserved in this connection are without merit.

■ The court's ruling upon the argument of the solicitor, to which objection was interposed and motion made to exclude, must be sustained under the authority of Gardner v. State, 17 Ala. App. 589, 87 So. 885, Gardner v. State, 205 Ala. 60, 87 So. 888.

■ State witness Clements testified to the substantive fact that the cans found in the possession of defendant, in his car, contained whisky. The fact that said witness destroyed the cans and whisky without an order of court was not sufficient grounds for the exclusion of his testimony that the cans did contain whisky. Whether they did contain whisky or not was a question for the jury under the evidence. Exceptions reserved to the court's rulings in this connection are without merit.

All questions presented on motion for a new trial arose on the main trial and have hereinabove been discussed. The motion for new trial was properly overruled.

The record proper is without error.

Affirmed.