(117 So. 607)
### GREEN v. STATE. (7 Div. 429.)

Court of Appeals of Alabama. June 26, 1928.

See, also, ante, p. 346, 115 So. 700 and post, p. 591, 118 So. 505.

Harvey A. Emerson, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

SAMFORD, J. ■ It is insisted that the defendant is entitled to the general affirmative charge because the venue was not proven. The omission to make this proof was not called to the attention of the trial court. The court will not be put in error for a failure to give the general charge on this ground. Circuit Court Rule 35.

■ A question of more serious import arises in a consideration of defendant's plea of former conviction. The evidence discloses

that the defendant was in possession of a gallon of whisky, which he had on his person, and of five bottles of whisky which was found in his house, all on the same premises and at the same time. There was also evidence of 40 or 50 gallon cans in which whisky had been, all of which were in and around his premises. The court ex mero motu charged the jury that the possession of the can of whisky and of the five bottles were two separate and distinct offenses. Under the defendant's plea of a former conviction and the evidence in this case, this in itself constituted reversible error. Under the law the trial judge may not charge upon the effect of the testimony unless required to do so by one of the parties. Code 1923, § 9507.

■ We do not hold that a person cannot be guilty of two or more possessions of whisky at one and the same time. But we do hold that where the premises are the same and the time is the same, the possession of all the whisky on the premises of which the owner has a guilty knowledge, and of which he has control, is one possession and may not be split up into numerous prosecutions. In the case of Holland v. State, 21 Ala. App. 520, 109 So. 885, which decision was approved in Holland v. State, 215 Ala. 106, 109 So. 886, this court said:

"If there was whisky in the smoke house, some just below the house under a log, and a quart lying in the water under a tree, and all of this was in defendant's possession at the same time, there was only one possession."

This case is later affirmed in McMullen v. State, ante, p. 399, 116 So. 304.

We see no distinction between the case at bar and the decisions above cited.

■ The possession of the gallon of whisky and the five bottles of whisky being the same, a conviction for the possession of one was a bar to a prosecution for the possession of the other at the same time and place. Storrs v. State, 129 Ala. 101, 29 So. 778,

The judgment is reversed and the cause is remanded.

Reversed and remanded.