(132 So. 435)

## GLADDEN v. STATE.
### 1 Div. 983.

Court of Appeals of Alabama.
Feb. 10, 1931.

Outlaw, Kilborn & Seale, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The prosecution against this appellant originated in the inferior criminal court of Mobile county, the charge being a violation of the prohibition law by having whisky in his possession. Upon conviction in said court he appealed to the circuit court, demanded a trial by jury, was again convicted, and appealed here.

Two principal insistences of error are urged to reverse the judgment of the trial court. The first is upon the refusal of the court to give the general affirmative charge for defendant under his special plea of "autrefois convict." Appellant contends that under the undisputed testimony the possession by him of the whisky involved in this prosecution was the same possession as that for which he was duly tried and convicted in the circuit court some four weeks prior to the beginning of the prosecution in this case, and in this connection cites numerous decisions of this court holding that one and the same possession may not be split up into numerous prosecutions.

In the case of Green v. State, 22 Ala. App. 536, 117 So. 607, cited by appellant, this court said:

"We do not hold that a person cannot be guilty of two or more possessions of whisky at one and the same time. But we do hold that where the premises are the same and the time is the same, the possession of all the whisky on the premises of which the owner has a guilty knowledge, and of which he has control, is one possession and may not be split up into numerous prosecutions."

■ The foregoing case and others of like import are in line with the constitutional provision to the effect that an accused cannot be twice put in jeopardy for the same offense. Const. 1901, § 9. Also in line with the well-settled and oft-announced rule that a single crime cannot be divided into two or more offenses.

■ In the case at bar, upon the point of decision involved, to hold with the insistence of appellant, we would be required to hold as a matter of law the offenses here disclosed by the evidence were one and the same. This, under the evidence, we cannot do, and in our opinion the trial court correctly ruled that this question was for the jury to determine; and that the testimony of the defendant cannot be held to be conclusive in the face of the inferences to be drawn from the evidence as a whole. The evidence in this case without conflict or dispute disclosed that some four weeks prior to the "raid" wherein the large amount of whisky was found which is involved in this prosecution, the officers made a raid and searched both the store and dwelling house of this appellant, and found, "forty-five gallons of whisky;—two hundred and sixty-five half-pints,—twenty-seven half-gallons, and about fourteen gallons, and a bunch of quarts of whiskey hidden under the store floor of appellant," for which he was duly tried and convicted. On this, the second raid, four weeks later, the officers found hidden in the loft of the defendant's (appellant) home another large quantity of whisky, and upon this the present prosecution was based. Appellant contends that this last batch of whisky was in his possession at the time of the first raid, but that on the first raid the officers failed to find it. There was other evidence of like import and about which there was no dispute, and upon this appellant bases his insistence to the effect there was one possession only and therefore but one conviction could follow. The jury decided adversely to this contention, and we think properly so under the evidence and inferences to be drawn therefrom.

■ The remaining insistence of error is predicated upon the following occurrence as shown by the record:

"In his argument to the jury, the Solicitor stated to the jury, in substance, that under the evidence in this case they should find that there was a wholesale 'blind tiger' being conducted by the defendant at the location mentioned in the evidence.

"Thereupon, the defendant objected to the said statement and argument of the Solicitor, and moved the court to instruct the jury that they should not regard the said statement, and that it was an improper remark on the part of the Solicitor. The court overruled this objection, and the defendant thereupon reserved an exception to the said ruling of the court."

There is no merit in this insistence. The remark of the solicitor was amply justified as a deduction from the evidence. Even under the defendant's own testimony we think the alleged objectionable statement was justified, as he testified: "I had 48 or 49 gallons of whiskey, all of this was my liquor. I kept it because I had it. I had a cold all the time, I didn't keep the liquor specially for a cold, etc." The evidence showed that the several hundred half pints of liquor, found in possession of appellant, were each wrapped in a newspaper and concealed beneath the floor of his store and in the attic of his home. From the nature of the package of whisky in question, in connection with defendant's explanation thereof, it would not be a violent assumption, we think, that he had it for sale, and if he did have it for sale the opprobrium of "bootlegger" was not entirely out of place.

■ There was no error in the refusal of charges 1, 2, and E.

Finding no error in any of the rulings of the court, and the record being regular in all things, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.