(135 So. 606)

## BOHANNON v. STATE.
### 6 Div. 922.

Court of Appeals of Alabama.
June 16, 1931.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

The defendant was indicted for having, with the intent to hinder, delay, or defraud the Union Fertilizer Company, a corporation who had a valid claim thereto, under a written instrument, did sell four bales of cotton, the defendant having at the time a knowledge of the existence of such claim.

The proof of the corpus delicti included the execution of a mortgage; the raising of the cotton included in the mortgage by defendant or for him and the sale of four bales of the cotton so raised, without the consent of the mortgagee. Over the timely objection of defendant, the state was allowed to make proof of these things by a confession of defendant, without other proof having been adduced. This was error, and, if this were all, the defendant would be entitled to a reversal. 7 Ala. So. Digest, Crim. Law, 517 (4). Subsequent to the admission of the confessions of the defendant, above referred, the state proceeded to introduce independent testimony tending to prove the various statements included in the confessions of defendant. This cured the error. The appellate court will not reverse on account of the admission of confessions, unless the record affirmatively shows that there was manifest error in its admission to the injury of defendant. The admission of the evidence of the confessions was irregular, and, at the time of admission, erroneous, but does not entitle defendant to a reversal. Caraway v. State, 20 Ala. App. 362, 101 So. 912.

Other questions presented are without merit. The question of the signing of the mortgage, the raising of the cotton, the ownership of same, and its sale by defendant, were all questions for the jury, fairly and fully presented to them.

There is no error in the record. Let the judgment be affirmed.

Affirmed.