173 So. 654

### LAYFIELD v. STATE.
### 6 Div. 962.

Court of Appeals of Alabama.
April 6, 1937.

438

James Esdale, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

Section 3325 of the Code of 1923 provides: "Any person operating a motor vehicle, who, knowing or having reason to believe that injury has been caused to a person or property by said motor vehicle, leaves the place of said injury or accident, without stopping and giving his name and residence and operator's license number to the injured party or to some officer or to some person in the vicinity thereof, shall be guilty of a misdemeanor, punishable by a fine of not more than five hundred dollars or by imprisonment in the county jail for a term not exceeding six months."

The insistence is made on this appeal that the corpus delicti is only proven by the confession of the defendant, which under the decisions cited cannot be done. However, appellant's counsel has entirely misconceived the limits of the corpus delicti. As applied to this case, the corpus delicti consists in a motor vehicle operated by some person, who, knowing or having reason to believe that injury has been caused to a person or property by said motor vehicle, and that such person so operating such motor vehicle leaves the place of injury or accident without stopping, etc. When the above facts have been proven by competent evidence the corpus delicti is made out, and the question of the identity of the person is separate and distinct, and may be shown by any competent evidence, including a confession of the party charged with the offense.

At the close of the State's evidence, the defendant moved the court to exclude all of the testimony on the grounds that there was not sufficient evidence to make out a case. When this motion is made and there is any evidence tending to connect the defendant with the commission of the crime, either direct or by inferences, the motion is properly overruled. In this instance there was sufficient evidence, both of the corpus delicti and the guilt of the defendant. The motion was properly overruled.

The defendant requested the court, in writing, to give the following charge: "I charge you gentlemen of the jury that you must find the defendant not guilty." This charge, even if it had been in proper form, was properly refused by the reason of the fact that the evidence was in conflict. Moreover, the charge pretermits a consideration of the evidence, and for that reason was properly refused.

Charge B refused to defendant, also, pretermits a consideration of the evidence and for that reason was properly refused.

We have examined other exceptions reserved and shown by the record and in them we find no reversible error.

The judgment is affirmed.

Affirmed.