193 So. 179

## JONES v. STATE.
### 4 Div. 497.

Court of Appeals of Alabama.
Nov. 28, 1939.

Rehearing Denied Dec. 19, 1939.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

John Casey Walters, of Troy, for appellant.

BRICKEN, Presiding Judge.

The indictment charged appellant, defendant below, with the offense of assault to murder; i.e., he unlawfully and with

**128**

malice 'aforethought, did assault Eugene Mullis, with the intent to murder him.

The trial in the lower court resulted in the conviction of defendant of an assault, and the jury assessed a fine of $75. Failing to presently pay the fine and cost, or to confess judgment therefor, the court, as the law requires, sentenced the defendant to 30 days' hard labor for the county to pay the fine; and, to 68 days' hard labor to pay the costs, and an additional period of six months by the court. Judgment of conviction was duly pronounced and entered, from which this appeal was taken.

■ The evidence disclosed without dispute, that Mullis, the alleged injured party, was grievously injured as a result of an attack upon him by defendant. Also, that the cause of the attack, was a sordid affair, and the testimony in relation thereto is too offensive to recite, detail or quote in this opinion. Said evidence was in sharp and irreconcilable conflict, therefore presenting questions for the determination of the jury. The court properly held refused charge No. 1 inapt. There is no phase of this case which would justify the court in directing in favor of the defendant.

■ Refused charge No. 3 was abstract as to the second clause thereof, as nothing appeared in any of the evidence to show or indicate that counsel had indulged or made any assertions or statements in argument or otherwise pending this trial not within legitimate and authorized argument, or in any other manner. There appears nowhere in this case that the defendant interposed objection, or reserved any exception, as to "assertions and statement of counsel." The first clause of said refused charge No. 3. towit: "I charge you, you must decide this case from the evidence," was fairly and substantially covered by the oral charge of the court. This charge was properly refused.

■ On cross-examination of Mullis, the alleged injured party, defendant's counsel propounded the following question: "Q. You first swore out a warrant for robbery against Shelby Jones, didn't you?" Upon objection being interposed to this question by the State, defendant's counsel made known to the court that the question was asked for the purpose and upon the following grounds: (1)"It was impeachment of the witness, Mullis." (2) "It showed contradictory statement by witness, Mullis." (3) "It tended to show defendant was not guilty of assault with intent to murder." The court properly sustained the State's objection to said question. In the first place the question was vague and uncertain, and as propounded may have related to matters wholly foreign to any issue involved in this case. Moreover, we are unable to conceive how a responsive answer to said question could have the tendency or effect sought by defendant as indicated by the purpose of the question made known to the court, and quoted above. The question did not call for a reply that would in any manner result in the impeachment of the witness. No responsive answer to the question could have tended to contradict any statement the witness had made on his direct examination, and, lastly, nothing that could have been said in reply to the question could tend to show that the defendant was not guilty of the charge or accusation upon which he was being tried.

■ If the defendant, by said question, was undertaking to show bias or ill will on the part of the witness, the question as to state of feelings toward defendant should have been propounded. Whether such feelings were good or bad, and if witness had disclaimed bias or ill will, under the elementary rules of evidence, he would have been permitted to show to the contrary by other evidence if he was in a position so to do. But manifestly this was not the purpose of the question, for the grounds specified to the court were specifically based upon other and different insistences. The court is required only to pass upon grounds of objection as presented, and none other.

■ The remaining question insisted upon, has reference to the ruling of the court on the cross-examination of State witness Dr. M. A. Kirklin, who upon his direct examination had merely testified to the number, character and location of several wounds he saw upon the head and person of Mullis, the alleged injured party, in his examination of Mullis some two or three hours after the wounds had been inflicted. The question was: "Now doctor could those wounds have been caused by a man hitting him a violent blow on the nose and knocking him back against an automobile body, or cab?" The trial court properly sustained the State's objection to this question. It called for the mere conclusion of the witness. If it was intended as a hypothetical question propounded to an expert it was inadmissible for several reasons. No predicate had been laid to show that the witness was an expert on the

matter under inquiry, the mere statement by him on direct examination that he was a regularly practicing physician would not suffice. His competency to testify as an expert upon the matter under inquiry should have been shown by the testimony. Judicial knowledge could not be taken of the fact, simply upon the bare statement he was a regularly practicing physician. In our case of Wise v. State, 11 Ala.App. 72, 83, 66 So. 128, 131, it was held that the mere fact that a witness (Matheny) "was a physician did not necessarily, of itself, without more, and when it was not made to appear that he had had experience, show him to be qualified as an expert to give his opinion * * *". In other words, a witness to testify as an expert must first be shown to be such. 6 Mayfield Dig. p. 344 (180). Moreover, the hypothetical question propounded was clearly not based upon any fact or facts disclosed by the evidence at the time the question was propounded. As to this, the rule is well settled. The hypothetical question should properly embrace only the facts tending to support the particular theory, and as a rule should not contain matter as to which there is no evidence tending to support it. Douglass v. State, 21 Ala.App. 289, 294, 107 So. 791.

■■■■ As to the point under discussion, we conclude by saying that we accord to insistence of the Attorney General to the effect that the adverse ruling of the court, in sustaining the State's objection to the question, supra, could have in no manner injuriously affected the substantial rights of the defendant, for the reason, that the law presumes that every person intends to do what he does, and that the necessary, natural, and probable consequences of his acts were intended. So that, if it appears this defendant unlawfully struck Mullis "a violent blow on the nose and knocked him back against an automobile body or cab," and as a result of said violent blow the wound was caused by his, Mullis' contact with the automobile, the blow being intentionally stricken, the defendant would be held responsible for the resultant injury under the rule above stated. Sup.Ct. Rule 45.

There being no reversible error in any of the court's rulings complained of; and the record being regular in all respects, it follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.