193 So. 182

**J. Shelby JONES v. STATE.**

**4 Div. 125.**

Supreme Court of Alabama.

Jan. 11, 1940.

John Casey Walters, of Troy, for petitioner.

Thos. S. Lawson, Atty. Gen., opposed.

BOULDIN, Justice.

Petition of J. Shelby Jones for certiorari to the Court of Appeals to review and revise the judgment and decision of that Court in the case of Jones v. State, 193 So. 179.

Writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

---

193 So. 104

**ANDREWS v. SESSOMS GROCERY CO.**

**4 Div. 109.**

Supreme Court of Alabama.

Dec. 1, 1939.

Rehearing Denied Jan. 18, 1940.

Powell & Fuller and E. O. Baldwin, all of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, for appellee.

ANDERSON, Chief Justice.

The appellant, Andrews, became indebted to the Andalusia National Bank. The indebtedness and the notes evidencing same were duly assigned to the Federal Reserve Bank. Said Federal Reserve Bank recovered a judgment for said indebtedness in the Federal Court and said judgment was transferred and assigned to Thos. A. Dixon, who had the property sold and which was bought by the appellee, Sessoms Grocery Company, for a sum less than the judgment and who was also the assignee or transferee of the judgment. Appellant filed a bill to redeem the property and tendered the amount bid for same at the execution sale. The appellee answered the bill questioning the sufficiency of the tender and also sought by cross-bill to enforce its judgment lien on the property for the balance of the judgment after deducting the amount bid. The appellant then answered the cross-bill of appellee, setting up set off or recoupment as against said balance claimed on the judgment, claiming that he had turned over to the Andalusia Bank cotton sufficient to have covered said indebtedness as well as certain collaterals converted by said bank. Regardless of all other questions or the ruling of the trial court as to the pleading or that the tender was sufficient, which said last question was favorable to the appellant, the final controverted issue was whether or not the appellant had established his claim of set off or recoupment as set up in his answer to the appellee's cross-bill and as to which there was evidence pro and con.

The appellant testified as to the cotton he delivered to the Andalusia Bank, but his contention and evidence were fully refuted by witnesses W. P. Harris and Tom Ellis, who were believed by the trial court and are also believed by this court.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.