7 So.2d 777

**SENN v. ENTERPRISE BANKING CO.**

**4 Div. 720.**

Court of Appeals of Alabama.

April 21, 1942.

Harry Adams, of Enterprise, for appellant.

Huey & Huey, of Enterprise, for appellee.

SIMPSON, Judge.

The record discloses no revisable error for our consideration.

The jurisdiction of this court, as to this case, is appellate only. Review here is limited to those matters upon which action or ruling at nisi prius was seasonably invoked and had.

Accordingly, in order to authorize a review by this court of the action of the trial court in excluding the material evidence for the plaintiff, adduced upon trial, due exception to said ruling should have been taken by the plaintiff. 2 Alabama Digest, Appeal and Error, ☞260(2).

This was not done. In fact, the bill of exceptions discloses no exception, anywhere, of any kind. We therefore are not authorized to review the action of the trial court in granting the motion of the defendant to exclude the evidence of the plaintiff.

With the material evidence upon which the plaintiff would base his recovery excluded, the defendant was entitled to a

directed verdict. The court, therefore, correctly gave, at defendant's request, the general affirmative charge.

The case of Champion v. Central of Georgia Ry. Co., 165 Ala. 551, 51 So. 562, presents an analogous question and treats of the underlying principle of appellate review here controlling.

It may be added that a certain and safe procedure to invite a review in the case at bar is provided in the Code 1940, Title 7, § 819 (nonsuit with bill of exceptions).

There being no question reserved for review by this appellate court, the judgment is ordered affirmed.

Affirmed.