20 So.2d 876

**CAMPBELL v. STATE.**

6 Div. 27.

Court of Appeals of Alabama.
June 13, 1944.

Rehearing Granted June 30, 1944.

Rehearing Denied Aug. 22, 1944.

Reversed on Mandate Feb. 13, 1945.

Wm. N. McQueen, Acting Atty. Gen., and L. ·H. Brassell, Asst. Atty. Gen., for the State.

Chester Austin, of Birmingham, for appellant.

**PER CURIAM.**

The appeal here is from a judgment of conviction for the offense of defacing, removing or destroying "one monument tomb-

614

stone, the property of C. C. Sharit." Code 1940, Title 14, Sec. 113.

Previous to this trial, the defendant had theretofore been tried and convicted in a court of competent jurisdiction, under the same statute, on a general accusation of defacing removing or destroying four tombstones, without specifying them. The acts upon which both prosecutions were predicated were committed at the same time and place, viz. February 20, 1943, at Morris Cemetery.

Before entering upon trial and as answer to the charge in the present case, the defendant duly interposed a plea of former jeopardy, pleading the first trial and conviction as a bar to this prosecution. It is our view that this plea should have been sustained.

■ The rule was recently restated in our case of Brown v. State, 30 Ala.App. 27, 200 So. 630, certiorari denied 240 Ala. 589, 200 So. 634. The established test to which a plea of former jeopardy must be subjected is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first indictment. In other words, in determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts which will convict on the second prosecution would not be sufficient to convict on the first, then the first will not be a bar to the second.

Other cases of similar holding are: Foster v. State, 39 Ala. 229; Gordon v. State, 71 Ala. 315; Hall v. State, 134 Ala. 90, 115, 32 So. 750; Ex parte State, etc., 210 Ala. 69, 70, 97 So. 240; Eastep v. State, 25 Ala. App. 593, 151 So. 616; Brown v. City of Tuscaloosa, 196 Ala. 475, 71 So. 672; Hurst v. State, 86 Ala. 604, 6 So. 120, 11 Am.St. Rep. 79; Foster v. State, 88 Ala. 182, 7 So. 185; Powell v. State, 89 Ala. 172, 8 So. 109; Crosswhite v. State, Ala.App., 13 So.2d 693 [1]; Sanders v. State, 55 Ala. 42; Hazelton v. State, 13 Ala.App. 243, 68 So. 715; Everage v. State, 14 Ala.App. 106, 71 So. 983; Savage v. State, 18 Ala.App. 299, 92 So. 19; Green v. State, 22 Ala.App. 536, 117 So. 607; Haraway v. State, 22 Ala.App. 553, 117 So. 612; Hurst v. State, 24 Ala. 47, 129 So. 714; Gladden v. State, 24 Ala.App.

188, 132 So. 435; Smith v. State, 25 Ala. 339, 146 So. 426.

Quite clearly, the facts averred in the present prosecution, viz. the defacing, removing or destroying of one tombstone, if found to be true, would have warranted a conviction upon the first charge of defacing, etc., four tombstones.

The action overruling the plea of autrefois convict was therefore erroneous and the judgment must be reversed. Such is the strict mandate of the fundamental law. Crosswhite v. State, ante, p. ——, 13 So.2d 693, 694.

Reversed and remanded.

### On Rehearing.

PER CURIAM.

■ Upon reconsideration of this cause the Court is of the opinion that the judgment of reversal heretofore rendered in this case is grounded in error and the reversal should be set aside. The Court is of the opinion that the action of the trial court in finding the issues raised by the plea of former jeopardy in favor of the State was correct and the case is due to be affirmed, and it is so ordered.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Campbell v. State, Ala.Sup., 20 So.2d 878.