24 So.2d 141

## YOUNG v. STATE.
### 1 Div. 515.

Court of Appeals of Alabama.

Dec. 18, 1945.

Outlaw, Seale & Kilborn, of Mobile, for appellant.

CARR, Judge.

Appellant was indicted and convicted for an alleged violation of Title 14, Sec. 399, Code 1940. At the time of the complained offense the girl in question was 14 years of age and the defendant was 25.

In an ably prepared brief appellant's counsel conveniently group three propositions upon which insistence is made for a reversal of the judgment of conviction in the lower court. Upon a careful examination of the record we conclude that when we have treated each of these we will have considered all the salient features presented for our review.

When the mother of the alleged assaulted young lady was testifying for the State the solicitor asked the following questions, to which answers were made as indicated:

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

"Q. Did you find her clothes there at the house when you got back? A. Yes.

"Q. Tell the jury what articles of clothing you found there."

After objections were interposed to the last question, just above, on the stated grounds that it was not shown that the garments were in the same condition as they were when the daughter removed them, and the trial court overruled the objections, this answer followed:

"I found her pants and they were all bloody in the little piece between the legs."

It will be observed that the question to which objection was addressed only called for an answer of the kind of articles of clothing found and not a description of their condition. The fact that the answer did include that there was blood on the garment will not charge error to the trial court on his ruling to the ob-

jections to the question. If counsel was not satisfied with the answer, he should have moved to exclude the irresponsive portion. Moulton v. State, 19 Ala.App. 446, 98 So. 709; Stowers v. State, 21 Ala. App. 501, 109 So. 561.

 It is fundamental in the law that the trial court is required only to pass upon announced grounds of objection and all others unstated are considered waived. Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572; Jones v. State, 29 Ala. App. 126, 193 So. 179; Birmingham Fuel Co. v. Stocks, 14 Ala.App. 136, 68 So. 568.

It is undisputed in the evidence that appellant and the prosecutrix were together about sixteen or seventeen hours on the afternoon and night of the date in question, with the exception of intervals when they were separated. It was while they were in a cabin at a roadside tourist camp that the young lady claimed the alleged offense was committed. Appellant admitted he was with the girl in the cabin a part of the time during the night, but denied that he had, or attempted to have, sexual intercourse with her.

Relating to the time of this association the alleged assaulted party was asked by the solicitor whether or not the defendant said anything to her about marrying him. General objections were overruled by the court. The answer to the question was not responsive. A motion by appellant's counsel to exclude the answer was granted.

The point is taken here that it was not made sufficiently certain as to the time of the claimed conversation or proposal to bring it under the influence of the res gestae rule.

Clearly, any possible injurious effects to appellant from the inquiry were removed by the favorable ruling of the trial court in excluding the response to the question. Williams v. State, 28 Ala.App. 481, 189 So. 81.

It is earnestly urged that the nisi prius court did not allow appellant, on his re-direct examination, sufficient opportunity to rebut or explain facts developed on his cross examination. We will, of course, have to look to the record to determine whether or not the questions are properly before us for review. Senn v. Enterprise Banking Co., 30 Ala.App. 449, 7 So.2d 777; Woodson v. State, 170 Ala. 87, 54 So. 191.

While the defendant was being examined on re-direct examination the following questions were propounded by his counsel, and to each objections were sustained:

"Q. I will ask you if it isn't true that she did testify to all these other things, but when it got down to that one thing about the intercourse, I will ask you if it isn't a fact that the Solicitor had to let her come back into this little anteroom and get bolstered up and then he still had to practically put the words in her mouth?"

"Q. Isn't it true that this girl testified under oath that she didn't dance any that night at all?"

"Q. I will ask you whether or not she testified that she didn't dance?"

"Q. I will ask you if she didn't testify that you never did ask her to go home."

The propriety of sustaining objections to this method of interrogating a witness is apparent. All that was sought to be elicited referred to matters that were before the jury and did not in any way relate to rebuttal or denial of the testimony of the prosecutrix. Neither can it be said that it was a proper manner to afford the appellant an opportunity to explain parts of his cross examination.

The case was tried with evident caution and care by the experienced trial judge. It does not appear that the court below committed error in the judgment rendered, and the case is, therefore, ordered affirmed.

Affirmed.