.56 So.2d 677

**EDGIL v. STATE.**

6 Div. 448.

Court of Appeals of Alabama.

Jan. 22, 1952.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

Tom D. F. Bevill and Gerald D. Colvin, Jasper, for appellant.

CARR, Presiding Judge.

On March 1st, 1934, the dead body of Augustus Ivey was found beneath a railroad trestle near Jasper, Alabama. The trestle was about 90 feet in length and 70 feet in height at its highest point.

According to the testimony of the coroner the injuries found on the body of the deceased were: "A scar over his right eye or temple, and his left shoulder was broken, the big bone in the shoulder, and he had bruises on his left elbow and his right elbow."

The officer reported the cause of death to be accidental.

At the May 1951 term of court Steve Edgil and Sam Darty were jointly indicted for the murder of Ivey. The indictment charged murder in the first degree. A severance was ordered, and Edgil was put to trial. He was convicted of murder in the second degree and a punishment of twenty years in the State penitentiary was imposed. This appeal followed.

The court did not abuse his discretion in refusing to grant the request of appellant's counsel to place the State's witnesses in a room apart from the defendant's witnesses. The rule was invoked and

382

the judge gave explicit instructions that the witnesses should not talk among themselves about the case. The record does not disclose that these instructions were in any manner disobeyed or that the rights of the accused were jeopardized by the refusal of the court to accede to counsel's request.

 The matter of allowing Horace ·Ivey to be excused from the rule addressed itself to the sound discretion of the trial judge. No abuse is shown and this appears more certain since Ivey did not testify in the case. Henderson v. State, 1 Ala.App. 154, 55 So. 437; Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564.

The conviction of the appellant depended in a large degree upon proof of his confession.

With respect to its introduction in evidence three questions are presented for our review: 1. Was the confession voluntarily made? 2. Was it allowed in evidence without sufficient proof of the corpus delicti? 3. Was there error in the manner of its introduction?

The appellant was arrested and placed in the county jail on Thursday afternoon. He remained there constantly and was thus confined when he made the statement of concern on the following Saturday afternoon.

It appears without conflict in the evidence that the accused was questioned by the officers at frequent intervals during the indicated confinement.

Before allowing the statement in evidence, the court permitted counsel for the State and for the defendant to make a very extensive and detailed evidential disclosure of the circumstances which tended to shed light on whether or not the statement was voluntarily made. Several witnesses were examined in respect to this inquiry. The appellant was called to testify at this place in the trial procedure. By agreement of the attorneys, the questions propounded to him at that time could only relate to the matter about which the court was then concerned.

We will not attempt to delineate this aspect of the evidence. Unquestionably an irreconcilable conflict appears.

The testimony of the State's witnesses fully sustained the court in his finding that the appellant made the statement voluntarily.

The testimony of the·defendant, and that in his behalf, presents an entirely contrary situation.

 Whether a confession proposed as evidence is voluntary or involuntary is a preliminary question to be determined by the trial judge upon a just consideration of the circumstances under which it was made. Burns v. State, 226 Ala. 117, 145 So. 436; McGuire v. State, 239 Ala. 315, 194 So. 815; Moss v. State, 19 Ala.App. 85, 96 So. 451.

 The fact that the accused was a prisoner and confined in the custody of the officers did not of itself make the confession involuntary and inadmissible. Burns v. State, supra; Smith v. State, 248 Ala. 363, 27 So.2d 495; Dyer v. State, 241 Ala. 679, 4 So.2d 311; Smith v. State, 253 Ala. 220, 43 So.2d 821; Wilson v. State, 256 Ala. 12, 53 So.2d 559.

In the instant case the court recognized the right of the appellant to present evidence which tended to establish his contention with respect to the circumstances surrounding him at the time the statement was made. This was done on voir dire. Vernon v. State, 239 Ala. 593, 196 So. 96; Faulk v. State, 23 Ala.App. 213, 123 So. 104.

 It is not unusual for this inquiry to present conflicting evidence, as in the case at bar. When this occurs and the trial judge comes to the decision that the confession was voluntarily made, great weight must be given to his judgment. It will not be disturbed on appeal unless the appellate court is convinced that the finding and conclusion ·are palpably contrary to the weight of the evidence. Vernon v. State, supra; Cook v. State, 16 Ala.App. 390, 78 So. 306.

 If the trial court admits the confession in evidence, its weight and credence are addressed to the jury. A consideration of the circumstances under which it was made may aid them in reaching this decision. Cook v. State, supra.

■ We have given due study to the evidence relating to the matter of instant concern, and we are convinced that we should not disturb the judgment of the trial judge. Goodwin v. State, 102 Ala. 87, 15 So. 571; Burton v. State, 107 Ala. 108, 18 So. 284; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Rutland v. State, 31 Ala.App. 43, 11 So.2d 768; Phillips v. State, 248 Ala. 510, 28 So. 2d 542.

Brief of appellant's counsel is devoted almost entirely to the insistence that the confession was admitted in evidence without proof of the corpus delicti.

This question is not raised in any of the grounds of objections.

Before introducing the confession which we have discussed hereinabove, the State presented several witnesses who testified concerning voluntary statements the appellant made to them. Each of these declarations was made to the indicated party prior to the time of the defendant's arrest.

In these statements the appellant declared in effect that he killed a man by knocking him off a trestle with a piece of iron.

Leading up to the introduction of one of these statements this is shown by the record:

"Q. How far did you and your family live from where Steve Edgil lived? A. Not too far.

"Q. Half a mile, or a quarter of a mile? A. No.

"Q. On different occasions, at night, did you and other young people go down to Steve's house? A. Yes sir.

"Q. Did you, while you were there—

"Mr. Colvin: I object to all this on the ground that there has been no evidence of the corpus delicti established in this case, and any testimony referring to this defendant, until it has been shown that there was a homicide or anything other than an accidental death is irrelevant, incompetent, immaterial and illegal. There has been no testimony of any death caused by a human agency, and until such has been proven I don't believe any testimony is admissible as against this defendant.

"Mr. Hunter: We will establish the corpus delicti by a confession.

"Mr. Colvin: It is our contention that is not admissible until after the unlawful homicide has been established.

"The Court: Objection overruled.

"Mr. Colvin: We except."

Following the above quoted the solicitor laid the usual predicate to show the statement was voluntarily made. Then this appears.

"Q. What did you hear him say with reference to having killed a man?

"Mr. Colvin: I object to that on the ground that is hearsay.

"The Court: Objection overruled.

"Mr. Colvin: We except.

"A. He said he killed a man and knocked him off a trussle with a piece of iron.

"Q. He said he killed a man, and knocked him off a trussle with a piece of iron? A. Yes, sir."

This is the only occasion incident to the introduction of any of the confessions, including the one made in jail, where counsel posed in the grounds of objections the position or contention that the corpus delicti had not been established by the proof.

■ It is evident that this ground stated in the objection supra cannot be considered as being directed to the introduction of a confession.

■ It is a familiar rule which provides that the trial court is required only to pass upon grounds of objections which are announced. Those omitted are deemed waived. Smith v. Bachus et al., 195 Ala. 8, 70 So. 261; Young v. State, 32 Ala.App. 233, 24 So.2d 141.

■ On review by the appellate courts we will not consider grounds which might have been assigned and which would have pointed out some legal objection if assigned. Rules of Practice in Circuit and Inferior Courts, rule 33, Code 1940, Tit. 7 Appendix; Levison v. State, 54 Ala. 520; Watkins v. State, 219 Ala. 254, 122 So. 610; Jones v. State, 29 Ala.App. 126, 193 So.

179; Millhouse v. State, 235 Ala. 85, 177 So. 556; Hayes v. State, 33 Ala.App. 364, 33 So.2d 744. For many other authorities on this point see 6 Ala.Digest, Criminal Law, ☜695(4).

It is fitting to note that a general objection is sufficient to raise the question that the confession was not voluntarily made. This apparent exception to the general rule seems to be based on the legal truism that confessions in criminal cases are prima facie involuntary. See Poarch v. State, 19 Ala.App. 161, 95 So. 781, and cases cited.

Because of the state of the record we will not bring ourselves to a definite decision on the question of whether or not the introduction of the confessions would cause a reversal if the omitted grounds had been included. We do call attention to the rule which provides that facts and circumstances tending prima facie to show the corpus delicti may be aided by the confession of the accused, although such facts and circumstances standing alone would not establish the corpus delicti.

The statement which appellant made in jail was taken on a tape recording machine. At the trial, after preliminary proof of the mechanics and accuracy of the machine and the custody of the tape, the court allowed the jury to hear the statement reproduced. The court reporter took the questions and answers as they were heard from the tape recording. These shorthand notes were transcribed, and this transcription forms a part of the testimony in the appeal record.

We do not find it necessary to declare our view on the propriety of introducing confessions in this manner in all cases.

In the case at bar the appellant freely admitted that he made the statement as it was recorded and reproduced. He contended throughout the inquiry that it was not voluntarily made and that it was untrue. The whole matter was addressed to the court and jury on the basis of this contention. What the accused said or what was contained in the recorded statement was not a disputed factual issue.

We entertain the view, therefore, that no harm could have inured to the substantial rights of the appellant by a reproduction of the admitted statements in the indicated manner. Rules of Practice in Supreme Court, rule 45, Code 1940, Tit. 7 Appendix.

Our review of the action of the court in overruling the objections to the procedure comes under the influence of the authorities which hold that the admission of undisputed and uncontradicted testimony cannot be cause for reversal. This is true even if the evidence is cumulative in nature. Weems v. State, 222 Ala. 346, 132 So. 711; Stallings v. State, 249 Ala. 1, 32 So.2d 233; Enzor v. State, 27 Ala.App. 60, 167 So. 336; Bohannon v. State, 24 Ala.App. 364, 135 So. 606; Dickson v. State, 21 Ala.App. 151, 106 So. 619; Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

When the State rested its case, counsel for appellant made a motion to exclude the evidence. This practice or procedure is sanctioned in criminal cases. Wallace v. State, 16 Ala.App. 85, 75 So. 633; Hendricks v. State, 34 Ala.App. 502, 41 So.2d 420.

At this time counsel included as a ground in his motion the insistence that the corpus delicti had not been proven. The point was posed after the introduction of the confessions of appellant. Clearly the motion to exclude the evidence was properly overruled. Layfield v. State, 27 Ala.App. 437, 173 So. 654.

Appellant attempted to introduce in evidence an entry from the civil trial docket for the year 1936. The tendered exhibit contained the style of the case as "Mrs. Belle Ivey, as Administratrix of the Estate of W. Gus Ivey, Plaintiff v. Northern Alabama Railway Company, a corporation Defendant." There also appears: "Judgment for Pltf vs Deft. for $50.00 and costs of court."

It is reasonable to assume that this is a part of a court record of a civil case arising out of the death of the deceased.

■ Clearly this exhibit was incapable of affording a reasonable inference or presumption in relation to any material factual issue in the case at bar.

■ The record discloses a number of instances where appellant's counsel objected to questions on the sole ground that they were leading. We do not find that the court abused his discretion in any particular in allowing answers to these questions. Orr v. State, 225 Ala. 642, 144 So. 867; Millhouse v. State, 235 Ala. 85, 177 So. 556; Scott v. State, 34 Ala.App. 18, 37 So.2d 670.

The court overruled appellant's objection to the following statements made by the solicitor in his argument to the jury: "What difference does it make who investigated this case. According to the evidence this man is a murderer" and "If your father, or your son, or your daughter, or some member of your family had been killed * * *".

■ The propriety of overruling the objection to the first excerpt comes under the influence of these authorities: Gladden v. State, 24 Ala.App. 188, 132 So. 435; Quinn v. State, 21 Ala.App. 459, 109 So. 368; Vincent v. State, 22 Ala.App. 172, 113 So. 643; Griggs v. State, 21 Ala.App. 530, 109 So. 611; Windham v. State, 23 Ala. App. 27, 122 So. 804.

■ The second excerpt appearing above is so fragmentary we are unable to intelligently review it. Pate v. State, 32 Ala.App. 365, 26 So.2d 214.

■ The defendant was not entitled to the general affirmative charge. Neither should we base error on the action of the court in denying the motion for a new trial.

■ In addition to the general affirmative charge the court refused written instructions numbered 6, 8, and 9. The last three are clearly argumentative, and each was refused without error.

We have attempted to give due and careful consideration to each question presented on this appeal. Those to which we have not responded do not merit any discussion.

The case was tried with evident care. The able trial judge took every precaution to safeguard the rights of the accused.

If our conclusions are sound, this is a case in which a man must pay the penalty of the law for an offense he committed many years ago.

"Man's crimes are his worst enemies, following him like shadows, till they drive his steps into the pit he dug."

The judgment of the court below is ordered affirmed.

Affirmed.