BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant, an indigent, was indicted for assault with intent to murder Bruce Leon Milton. A jury convicted him of the charged offense and the court sentenced him to twenty years imprisonment. Notice of appeal was forthwith given.
The record of the evidence states that the offense took place within the City of Flora-la, Alabama, about 9:25 p. m. on the night of December 28, 1976.
Wanda Smith, radio dispatcher for the police department of the City of Florala, received a call from a Mrs. Armstrong about 9:25 p. m. that a shooting incident had occurred at or near her home on North Ninth Street. She immediately called the Dairy Queen and contacted police officers Patrick and Thomas.
Officer Thomas testified, after receiving the dispatcher’s call, he went to the home of Mrs. Armstrong on North Ninth Street and there he found a black male, Bruce Leon Milton, lying on the ground hollering. The victim told him that he had been shot. The witness checked and found a puncture wound on the victim’s back. The witness testified that one other person was there by the name of Timmy Carson. Other law enforcement officers came up. Then the rescue squad also arrived. The Chief of Police, Paul Mitchell, also came. The rescue attendants took the victim to the hospital in Opp, Alabama. Sergeant Patrick went along.
So far as the record reveals, no one was present when the shooting incident occurred. Carson was there when the officers arrived. Apparently there were no witnesses to the shooting. It is to be noted that the victim, Bruce Milton, did not testify. There is some indication in the record that he was in Germany when defendant was tried.
Dr. William Hunsford, a physician, testified that a bullet wound appeared on the victim’s back. He did not testify as to any other wound. He described the nature of the wound. After this examination, the rescue squad took the victim to a Fort Rucker hospital for further treatment. Fort Rucker is a military installation in nearby Coffee and Dale Counties.
Paul Mitchell, the Chief of Police, testified that the defendant was a stepson of Officer Patrick. Chief Mitchell testified that on the night of the shooting incident, supra, he saw defendant at the police station where he, the defendant, had come; that he had a pistol in his pocket with the butt sticking out in plain view; that he forcibly seized the pistol and then defendant reached in his pocket and got some unspent pistol cartridges which he handed to the officer. The officer recognized the pistol as the property of Officer Patrick.
The Chief delivered the pistol and the cartridges to Deputy Sheriff Szpek.
It appears in the record by way of statements of defense counsel and objections that the defendant had previously been tried and acquitted of stealing this pistol from the home of his stepfather, Officer Patrick. But there is nothing in the record to indicate the State attempted to show that the defendant had been tried for the larceny offense. The allusions thereto were by defense counsel.
Deputy Sheriff Szpek was put up as a State’s witness. He testified as to a confession that defendant made and signed by printing his signature thereto. This alleged confession was admitted in evidence after the witness testified in detail as to advising defendant of his right of counsel, etc., and to its voluntariness.
Prior to the admission in evidence of the confession, defendant made a timely objection to such admission on the ground that the corpus delicti had not been proven by competent evidence. This objection was overruled.
This confession referred to several events and incidents that might have motivated the shooting and also some incidents subsequent to the shooting. We quote from the confession as follows:
“ ‘Bruce and Chuck was coming down the road. I heard them talking. I jumped *706 up and I had the gun cocked back and it went off. I heard Bruce holler, I panicked and ran. I was going over to city school to hide. I passed by Paul Mitchell’s house to the four way, took a right and in front of a tree by a house I took out the cartridge I had shot, threw it _n the ground, and put another one in the gun.
“ T went on down a bit further, got on my knees and prayed. I thought if I give myself up I would stand a better chance. Paul was the only one I could trust. I tried to get down town without being seen by the police. I figured they would look for me in the wood area. I went in the police station and Wanda was there. And I asked for Paul and she tried to call him. He wasn’t there. Then she called him on the radio, and he came to the station.’ ”
It also appears in the record that when the Chief went to the police station that night after the shooting, defendant was there.
At the conclusion of the Sheriff’s evidence, the State rested and so did the defendant.
Defense counsel thereupon made a motion to exclude the evidence because the State failed to make out a prima facie case; also, the State failed to show an intent to kill the victim or malice; also, the State failed to prove venue; and lastly, the confession should not have been admitted because the State failed to prove corpus de-licti.
There are other evidentiary details which we have omitted that were properly admitted but unnecessary to delineate in this opinion.
We will consider appellant’s contentions of error seriatim as they appear in counsel’s brief.
I
Appellant says that the court erred in sustaining an objection of the prosecution to defense counsel’s argument that defendant had previously been acquitted of stealing the same pistol he (defendant) was accused of using in the alleged assault.
It appears that during closing argument the State’s counsel stated “He (Bonner) went and got the gun from his stepfather’s house.” Thereupon during closing argument objection was sustained to defense counsel’s argument as follows:
“Now, let’s talk a little bit why David Bonner should be free. Mr. Cook just said David got the pistol. And there has been testimony, although not one person here today on behalf of the State saw David do anything, but Mr. Cook said, in his argument, that David got the pistol. Well, Mr. Szpek testified, after I commented on it several times. But the evidence from the stand was that this fellow, right here, was indicted back several months ago, over a year ago, for stealing that same pistol, grand larceny. Tried it all day long over here in that Courtroom right across the hall there. Twelve jurors, just like you, that had this confession, so called confession, in their hands and went back in the jury room — ”
We are unwilling to charge the court with error in its ruling. The fact that he got the pistol, as the evidence shows, did not constitute larceny.
It is true that defense counsel, on cross-examination, asked the Deputy Szpek a question and elicited an answer as follows:
“Q Now, this statement has some information in it concerning the taking of a pistol, and you have testified about this pistol. You know, don’t you, that earlier the Defendant, David Bonner, sitting right here, was tried for stealing this pistol and was acquitted? You know that?
“A Yes, sir.”
It thus appears that defendant’s counsel injected the accusation of stealing the pistol and acquittal therefor, for what purpose, we do not know. Prior to that he has made known to the court that he was going to object to such issues, as we view the record. The State did not offer any evidence that defendant had stolen the pis *707 tol. Defendant’s objection to the evidence, and then his elicitation on cross-examination was very inconsistent. We do not think the evidence, due to the inconsistency, was a proper subject of argument. The complaint here that the court sustained objection of the State to the argument has no merit. At least the ruling of the court was free of injury to defendant. Kennedy v. State, 291 Ala. 62, 277 So.2d 878(6).
II
A second contention is that the court committed error in refusing defendant’s motion for a mistrial on the ground that the prosecution commented on defendant’s failure to testify.
The subject of this contention of error reads:
“MR. COOK: Now, we don’t have anybody that saw him down there in the dark, in the bushes. I mean, all we have is his word that is where he went. If what he told Mr. Szpek is not so, we would like to hear what is so.
“MR. GIVHAN: Judge, we object and move for a mistrial on the grounds he commented on the Defendant not testifying.
“MR. COOK: I didn’t say anything about that.
“THE COURT: I sustain the objection, and I deny the motion for a mistrial. Members of the jury, you are instructed to disregard the last comments made by counsel for the State. I deny the motion for a mistrial.” [Emphasis added]
We are impressed that the comment, supra, of the Deputy District Attorney was a direct reference to the defendant’s failure to take the witness stand.
However, we are also impressed that the harmful effect of the comment accusing defendant was eradicated by the court’s prompt action in sustaining the objection and admonishing the jury to disregard the comments. Tillis v. State, 292 Ala. 521, 296 So. 892.
It also appears that the trial court gave defendant’s written charges as follows:
“There have also been some charges or instructions requested by the Defendant which in the judgment of the Court are correct statements of the law, and I am going to read them to you at this time. Defendant’s requested charge number three. The Court charges the jury that the Defendant has remained silent and has not taken the stand and that under our law it is his constitutional right to remain silent. And that fact must not be considered by you in anyway [sic] whatever. You must not refer to it during your deliberations. Requested charge number four. The Court charges the jury that the failure of the Defendant to testify does not create any presumption against him. Number five. The Court charges the jury that a Defendant in a criminal proceeding need not testify and you are not permitted to draw any inference from his failure to do so.”
The foregoing written charges served to emphasize to the jury the statutory and constitutional rights of defendant to testify or not at his election or option. Constitution of Alabama, 1901, # 6; Code of Alabama 1940, Title 15, Section 305, Code of Alabama 1975, Title 12-21-220. It supplements the trial court’s prior admonishment to the jury not to consider the comments. We will not reverse because of these comments.
III
A third assertion of defendant is that the evidence was insufficient to sustain a conviction for assault with intent to murder.
Defendant’s confession that was admitted in evidence contained an admission that defendant “had the gun cocked and it went off.” Also he said, “I heard Bruce holler, I panicked and ran.” The evidence also showed that “Bruce” was shot in the back with a pistol. These circumstances were sufficient to show that “Bruce” was shot with a pistol in the hands of defendant. It was for the jury to determine or say vel non that the shooting was an accident.
*708 The second element of the alleged offense was also proven. This element was intent or malice. The use of a deadly weapon, at a range capable of producing death, supplies the intent or malice. In this instance the deadly weapon was the pistol in evidence. Allred v. State, 55 Ala.App. 74, 313 So.2d 195(7).
But defendant contends that the confession should not have been admitted in evidence because the corpus delicti has not been proven.
We repeat again that the evidence shows that the victim was shot in the back with a pistol bullet.
Also the shooting took place within a residential section of the City of Florala, Alabama. The evidentiary circumstances surrounding the shooting created an inconclusive but a strong suspect that the victim was the subject of an unlawful assault with a pistol in the hands of some person.
An eminent jurist, the late Justice Som-erville, in Hill v. State, 207 Ala. 444, 93 So. 460, at page 462(5) observed as follows:
“[5] Under the decisions of this court above noted, it must be considered as settled that inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti. Matthews v. State, 55 Ala. 187, 195; Ryan v. State, 100 Ala. 94, 95, 14 South. 868. And this seems to be the general rule. 16 Corpus Juris, § 1514, p. 737.”
It is to be noted that a contrary statement in Harden v. State, 109 Ala. 60, 19 So. 494, was overruled.
This Court in Edgil v. State, 36 Ala.App. 379, 56 So.2d 677(13) observed:
“[13] Because of the state of the record we will not bring ourselves to a definite decision on the question of whether or not the introduction of the confessions would cause a reversal if the omitted grounds had been included. We do call attention to the rule which provides that facts and circumstances tending prima facie to show the corpus delicti may be aided by the confession of the accused, although such facts and circumstances standing alone would not establish the corpus delicti.”
We think that the corpus delicti was adequately established and a jury question as to the guilt of defendant as charged was presented to the jury.
The judgment at nisi prius is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
HARRIS, P. J., and TYSON, DeCARLO and BOOKOUT, JJ., concur.
BOWEN, J., concurs in result only.